ROBERT MONDAY ET AL. v. J. M. VANCE, TRUSTEE, ET AL.

No. 733. Decided February 9, 1899.

**1. Trusts—Beneficiary for Life—Alienation of Remainder.**

A deed by a married woman joined by her husband conveying her property to a trustee, who was to hold and manage it and devote the net income to her support and the maintenance and education of her children, did not divest the grantors of all title nor make void a subsequent conveyance by them to others. The trust was one which would necessarily cease on the death of all the beneficiaries, and the remaining estate could be conveyed by the joint deed of the husband and wife. (Pp. 432, 433.)

**2. Same—Alienation of Beneficial Life Estate.**

Conveyances of life estates made in trust for the benefit of married women (and in this State for others) may restrict their power of alienation; and where such conveyance by the wife joined by her husband, in trust for the benefit of herself and children, contained no express restriction of her power to convey her beneficial interest, but such alienation was inconsistent with the purposes of the trust, which were that the trustee should manage and control the property and devote the income to the support of the beneficiaries, there remained no power to alienate such beneficial life interest, and the trustee was entitled to possession as against subsequent grantees of the wife joined by her husband. (P. 433.)

QUESTIONS CERTIFIED from the Court of Civil Appeals for the Fourth District, in an appeal from Bexar County.

*Carlos Bee, Joseph Ryan, Clark, Ball & Guinn, R. L. Summerlin,* and *T. A. Fuller,* for appellants.—The instrument is a mere power of attorney revokable at the will of the grantor, and the deed of Rice and wife to Monday passed their title over said Vance instrument. Nichols v. Eaton, 1 Otto, 716; Freem. on Ex., secs. 137, 143, 144; 2 Pom. Eq., sec. 989; 27 Am. and Eng. Enc. of Law, 315.

If the instrument creates a trust it is one that will come to an end by its own terms, and the failure of the beneficiaries and Mary F. Rice, joined by her husband J. P. Rice, could and did convey the title to the Mondays subject to such trust, and their deed vested title in Mondays, who in turn conveyed to Glenn Raymond, and the court erred in canceling the deed from Rice and wife to Mondays and from the latter to Glenn Raymond. Beard v. Blum, 64 Texas, 59; Lewis v. Hawkins, 23 Wall., 119; Dibrell v. Carlisle, 51 Miss., 785; 2 Pom. Eq., sec. 989; Story's Eq., secs. 1199, 1200; 27 Am. and Eng. Enc. of Law, p. 235, note 2.

*Franklin, Cobbs & McGown,* for appellees.—We submit that the reading of the deed from Rice and wife to Vance clearly shows the intention of the grantors: (1) to convey the property described therein to J. M. Vance in trust; (2) the trust is an active one, requiring Vance, trustee, to make the property yield the greatest possible revenues, which revenues, after paying necessary expenses, he is directed to use for the support and maintenance of Mrs. Rice and her children and for the education of her children; (3) under its terms it can terminate only upon the death of Mrs. Rice, for it is for her support during her life; (4) the trust terminating, the law supplies the condition of defeasance and revests the title in her heirs. A trust fairly created for these purposes is valid, and can not be defeated by any act of the settler or beneficiary. Scheflin v. Small, 4 Wills. C. C., 495; Monday v. Vance, 32 S. W. Rep., 559; Gamble v. Dabney, 20 Texas, 76; Wallace v. Campbell, 53 Texas, 229; Ewing v. Jones, 15 Law. Rep. Ann., 75; Nichols v. Eaton, 91 U. S., 716; Hyde v. Woods, 94 U. S., 523; Hellman v. McWilliams, 70 Cal., 449.

An alienation by Mrs. Rice would defeat the trust, since her interest in the revenues is not separable from that of her children and will not be sustained. Henson v. Wright, 12 S. W. Rep., 1035; Smith v. Towers, 14 Atl. Rep., 499; Lampert v. Haydel, 9 S. W. Rep., 783; Parker v. McMillan, 55 Mich., 266; Barnes v. Dow, 59 Vt., 530; Underhill on Trusts, 72; 27 Am. and Eng. Enc. of Law, 241, 242; 23 Am. and Eng. Enc. of Law, 5; Lawson Rights and Rem., secs. 1979-1982; Beach Eq. Jur., 185.

It will be observed that the conveyance at bar comes strictly within the "spendthrift trusts." It does not give to the beneficiaries the funds derived from the property. With them they have nothing to do. The trustee is charged with the express duty of using "all the incomes, rents, and profits of said property in furnishing to said Mary F. Rice and her children a support and maintenance and the education of her children. The duty to the mother and the children is inseparable, and is one of support—not the payment of the money to them.

GAINES, CHIEF JUSTICE.—The Court of Civil Appeals for the Fourth Supreme Judicial District have certified to this court the following statement and questions:

"This is a suit brought by J. M. Vance, trustee, and John P. Rice, Virgie Lee Rice, Daisy Rice, Frank Rice, and Lettie Rice, minors, who sue by their next friend, J. M. Vance, against J. P. Rice and his wife, M. F. Rice, parents of the aforesaid minors, and Robert Monday, Newton Monday, Hermann Schultz, Jr., and his wife, Glenn L. Raymond, L. Mancke, and H. Rilling, to recover certain real and personal property described in the following instrument:

" '*The State of Texas, County of Bexar.*—This indenture made this 29th day of November, 1893, witnesseth: that Mary F. Rice, who before her marriage was Mary F. Vance, who was a daughter of William Vance of the city of San Antonio, Bexar County, Texas, inherited before her majority from her father, who died when she was a child, the real property hereinafter described. Whereas said property is the separate property of Mary F. Rice; and whereas it was necessary for her to receive the rents, profits, increase, and income of all of said property hereinafter described as a support for herself and maintenance of her family and the proper education of her children; therefore the said Mary F. Rice, joined by her husband, J. P. Rice, does hereby bargain, sell, and convey unto James Milton Vance, of Bexar County, State of Texas, the following described property, to wit:

" 'Being in Bexar County and the State of Texas, on the south bank of the Medina, beginning at the N. W. corner of land of E. G. Butler at a point on the bank of the Medina River; thence along Butler's west line south 24¼ degrees west to Corpus Christi road; thence along said road to a line recently made by William Locke, county surveyor, for J. Toudouze; thence north 24¼ degrees east to the Medina River; thence along said river with its meanders to the place of beginning, containing 281 acres of land, being a portion of the Manuel de Luna league and more fully described in a deed from De Hymel to the grantees herein, recorded in book Vol. 44, page, 222, Bexar County Records.

" 'All that tract or parcel of land situated in Bexar County, Texas, within the corporate limits of the city of San Antonio, being a business lot fronting twenty-two and one-fourth feet on the south side of West Commerce Street and the next lot east from the lot on the southeast corner of West Commerce and Yturri Streets, with a two-story stone building thereon; said lot is bounded on the north by West Commerce Street, east by property of Peter Gallagher, south by property of Eliza Gallagher, and west by property of Francis E. Vance. The property herein described is the same vested in Mary Francis Rice (formerly Vance) by the last will of her father, William Vance, deceased, and all the cattle, fifty head; horses, eighteen head; sheep, twenty head; goats, fifty-one head; hogs, seventy head; now owned by her and upon the farm herein first described in Bexar County, Texas.

" 'To have and to hold the same unto the said James Milton Vance, trustee for the said Mary F. Rice and her children, to be by him held, managed, and controlled for the purpose of making the same produce all the income, rents, ad profits possible, and to use all the incomes, rents, and profits of said property received by him after paying taxes and other necessary expenses in furnishing to said Mary F. Rice and her children a support and maintenance and the education of her children, and the said James Milton Vance does hereby execute this deed and by so doing hereby acknowledges himself bound to carry out every provision thereof.

" 'Witness our hands this 29th day of November, 1893.

(Signed)

" 'M. F. V. RICE,
" 'J. M. VANCE,
" 'J. P. RICE.'

"This deed was filed for record on the 14th day of December, 1893, in the office of the county clerk of Bexar County. On said date James M. Vance, one of appellees, accepted the trust imposed upon him by said instrument and proceeded to execute it. It is by virtue of this instrument the appellees seek to recover the property in controversy. It does not appear from the evidence adduced upon the trial in the court below whether the property conveyed was the separate property of Mary F. Rice or the community property of herself and husband, J. P. Rice, though evidence was offered, which was excluded, to show that it was community property.

"On the 23d day of January, 1894, J. P. Rice and his wife, Mary F., executed and delivered to Robert and Newton Monday the following deed:

" '*The State of Texas, County of Bexar.*—Know all men by these presents: That we, John P. Rice, herein joined by my wife, Mary F. Rice, of the county of Bexar, and State of Texas, for and in consideration of the sum of $4000 to us in hand paid by Robert Monday and Newton Monday, both of Lathrop, Clinton County, in the State of Missouri, have granted, sold, and conveyed, and by these presents do grant, sell, and convey unto the said Robert Monday and Newton Monday, one-half of all and each of our right and interest in what is known as the Riverside Stock Farm, situated in Bexar County, State of Texas about 15 miles south from the city of San Antonio, and fronting on the S. bank of the Medina River, bounded and described as follows, to wit:

" 'On the north by the Medina River, on the west by land belonging to Mr. Gustave Toudouze, south by the Corpus Christi road, and east by property formerly belonging to E. G. Butler, deceased, at a point on the Medina River, thence south along said Butler's west line S. 22½ deg. W. by the Corpus Christi road; thence along said road to west line made by W. M. Locke, county surveyor of Bexar County, for Mrs. Gustave Toudouze, thence north 22½ deg. E. to the Medina River; thence along

said river with its meanders to the place of beginning, and containing 281 acres of land, more or less, and being a portion of the Manuel de Luna's league of land, and the same was conveyed to us by F. O. Deluma and his wife, Catherine Delymen, by deed dated Dec. 30, 1888, together with ½ interest in all the improvements thereon and ⅓ interest in all the stock, consisting in horses, cattle, sheep, goats, and hogs, and also ⅓ interest in all the farming implements.

" 'To have and to hold the above described premises and property together with all and singular the rights, privileges, and appurtenances to the same belonging in any manner, unto the said Robert Monday and Newton Monday, their heirs and assigns, so that neither ourselves nor our heirs, nor any person or persons under or through us shall, at any time hereafter, have any claim or demand any right or title to the said premises and property, or its appurtenances or to any part thereof.

" 'In witness whereof, we have hereunto subscribed our hands, in the city of San Antonio, this 2d day of January, A. D. 1894.

(Signed)                " 'John P. Rice,
                       " 'M. F. V. Rice,'

"On the 29th day of May, 1894, Robert and Newton Monday by their deed of that date conveyed to Glenn Raymond their interest in the real property described in the foregoing deed.

"The two deeds last mentioned were filed for record in the office of the county clerk of Bexar County on the 29th day of May, 1894. The plaintiffs below, appellees, allege these two deeds are a cloud upon their title and pray for their cancellation.

"On the 1st day of May, 1894, Robert and Newton Monday conveyed the personal property described in their deed from J. P. Rice and wife to Hermann Schultz, Jr., and his wife, who claim said personal property by virtue of said conveyance.

"Questions.—First. Was the effect of the deed first mentioned in the statement such as to divest Rice and wife of title to the property and vest it in Vance, and render the subsequent conveyance of Rice and wife to Robert and Newton Monday absolutely void?

"Second. If its effect was not to render the subsequent conveyance void, what title, if any, passed to the grantees in such subsequent conveyance?"

1. We are of opinion that the deed from Rice and wife to Vance as trustee conveyed to the latter a title which was limited to the purposes of the trust. In other words, we think that the title of the trust would of necessity cease upon the death of all the beneficiaries. It may possibly cease upon the death of Mrs. Rice and upon all of her children attaining their majority. The conveyance does not undertake to prescribe how the property shall devolve after the trust should have been completely executed—that is to say, after the death of the wife and death or majority of the children as the case may be. It follows therefore, we think, that the effect of the first deed was merely to carve out of the es-

tate in the property the usufructory interest for the support of the wife and the maintenance and education of her children, and to leave what remained unaffected by the conveyance. That reserved or remaining estate could be conveyed by the joint deed of the husband and wife. We therefore answer that the deed of Rice and wife to Robert and Newton Monday was not void.

2. The second question is one of more difficulty. It is well settled in England as a general rule that an equitable estate for life carries with it the power of alienation by the beneficiaries and that it may be subjected to the payment of their debts. A different rule prevails in some of the courts of this country and notably in our own State. Wallace v. Campbell, 53 Texas, 229; Nichols v. Eaton, 91 U. S., 716; Shankland's App., 47 Pa. St., 113; White v. White, 30 Vt., 338; Pope v. Elliott, 8 B. Mon., 56; Campbell v. Foster, 35 N. Y., 361. But all the authorities recognize an exception in favor of married women; and it is universally held that a conveyance may be made in trust for their benefit with the restriction upon their power of alienation. Certainly there is no rule of law or equity which stands in the way of the interest which passed to Mrs. Rice under the deed being made inalienable by her. But the conveyance contains no words which expressly restrict her power of conveying her beneficial interest. While this is true, it is also true that the right of alienation by the beneficiaries in the deed in question is utterly inconsistent with the purposes of the trust. The trust is an active one. The deed makes it the duty of the trustee to manage and control the property so as to produce the greatest possible income and to appropriate the entire net income to the support of Mrs. Rice and to the education and maintenance of her children. The very purpose of the deed in question was to provide a permanent support for the wife and children and the means of educating the latter. To permit an alienation of the interest of the beneficiaries is destructive of the trust and incompatible with its purposes. In such cases the authorities hold that there is no power of alienation although no restrictions upon the power are expressed in the conveyance. Perkins v. Hays, 3 Gray, 405; Smith v. Towers, 14 Atl. Rep. (Md.), 497; Keyser v. Mitchell, 67 Pa. St., 473; Barnes v. Dow, 59 Vt., 530; Page v. Way, 3 Beav., 20. Besides, to hold that the wife could alienate her beneficial interest in the property conveyed in trust to Vance, would be to hold that she had reserved, so far as her own interest is concerned, the power of revocation. But a grantor in a voluntary settlement can not revoke his grant unless the power of revocation be reserved in the conveyance. Ewing v. Jones, 15 Law. Rep. Ann., 75; Thurston, Petitioner, 154 Mass., 596; Hellman v. McWilliams, 70 Cal., 449.

We answer that while the wife and children live, and at least while the children are minors, Vance, the trustee, is entitled to the possession and control of the property to the end that he may execute the purposes of his trust.