CAGE & CROW et al. v. PERRY et al.†

(Court of Civil Appeals of Texas. Texarkana. Nov. 8, 1911. Rehearing Denied Dec. 21, 1911.)

1. DEEDS (§ 211*)—SEPARATE PROPERTY OF WIFE—FRAUD—EVIDENCE.

Evidence *held* to show that a wife was induced by the fraud of her husband to convey her separate property to a grantee chargeable with the fraud, justifying the cancellation of the deed.

[Ed. Note.—For other cases, see Deeds, Dec. Dig. § 211.*]

2. DEEDS (§ 70*)—WIFE'S SEPARATE PROPERTY—FRAUD—PARTICIPATION BY GRANTEE.

Where a grantee agreed to pay a specified sum in money, property, and debts for the conveyance of a wife's separate property, and the consideration recited in the deed was that sum which was not actually paid, he was chargeable with the husband's fraud inducing the execution of the deed.

[Ed. Note.—For other cases, see Deeds, Cent. Dig. §§ 165–182; Dec. Dig. § 70.*]

3. HUSBAND AND WIFE (§ 199*)—CONVEYANCES OF SEPARATE PROPERTY OF WIFE—FRAUD—RATIFICATION.

Where a wife induced by the fraud of her husband to convey her separate property applied for the cancellation of the deed immediately on learning of the true consideration and the facts, and there was nothing to show that she afterwards did any act indicating an assent to or waiver of the fraud, the right to avoid the deed for fraud was not waived by ratification.

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. § 734; Dec. Dig. § 199.*]

4. HUSBAND AND WIFE (§ 201*)—CONVEYANCES OF SEPARATE PROPERTY OF WIFE—FRAUD—CANCELLATION—CONDITIONS PRECEDENT.

Where a wife sues for the cancellation of a deed of her separate property on the ground of the fraud of her husband of which the grantee was chargeable, the court in granting relief must require her to restore the part of the consideration received, but she need not restore the part paid to the husband and not operating to the benefit of the separate estate.

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. § 735; Dec. Dig. § 201.*]

5. TRUSTS (§ 153*)—MORTGAGE BY SETTLER OF TRUST.

A deed to a trustee which provides that the trustee shall for a specified time have the exclusive right to manage, sell, or otherwise dispose of the interest of the grantor for the purposes of the trust and which deprives the grantor during the specified time of the right to exercise any power over the property inconsistent with the rights of the trustee, does not prevent the grantor during the life of the trust from mortgaging the interest, subject to the trust.

[Ed. Note.—For other cases, see Trusts, Cent. Dig. § 198; Dec. Dig. § 153.*]

6. HUSBAND AND WIFE (§ 201*)—CONVEYANCES OF WIFE'S SEPARATE PROPERTY—CANCELLATION—CONDITIONS PRECEDENT.

A wife who obtains a decree canceling a deed of her separate property on the ground of the fraud of her husband, of which the grantee was chargeable, must account to the grantee for the value of the land conveyed to her by the grantee and appropriated by her by conveying the same to another.

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. § 735; Dec. Dig. § 201.*]

7. PARTITION (§ 12*)—RIGHT TO PARTITION—TRUST AGREEMENT—EFFECT.

Grantors in a deed of trust, which stipulates that during a specified time the trustee shall have the exclusive right to manage, sell, or otherwise dispose of the interests of the grantors in the property conveyed for the purposes of the trust, and which deprives the grantors during the life of the trust of the right to exercise any power over the property inconsistent with the right of the trustee, are not entitled during the life of the trust to sue for partition, because a partition will operate to interfere with an exercise by the trustee of the powers conferred on him.

[Ed. Note.—For other cases, see Partition, Cent. Dig. §§ 38–51; Dec. Dig. § 12.*]

Appeal from District Court, Erath County; W. J. Oxford, Judge.

Action by Mrs. Lottie Perry and another against J. N. Groesbeeck, Sr., and others, for partition and for an accounting, in which Kate Frank intervened to cancel a deed of her separate property. From a judgment granting relief to plaintiff and to intervener certain of the defendants appeal, and intervener and defendant named assign cross-errors. Reversed and remanded.

The litigation resulting in this appeal was commenced by appellee, Mrs. Lottie Perry, joined by her husband, E. E. Perry. She sought an accounting as against appellees J. N. Groesbeeck, Sr., J. N. Groesbeeck, Jr., Henry S. Groesbeeck, Mrs. Kate Frank, and R. T. Frank, and appellants M. J. Crow, J. H. Cage, Day Cage, John Cage, Mrs. Jessie White, her husband, F. S. White, and B. C. Cage, individually and as partners under the firm name of Cage & Crow, and a partition of certain lands owned by Mrs. Lydia H. Groesbeeck at the time of her death. Said

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

† Application for writ of error dismissed by Supreme Court.

Mrs. Lydia H. Groesbeeck had been the wife of J. N. Groesbeeck, Sr., but had been divorced from him. Mrs. Perry, Mrs. Frank, J. N. Groesbeeck, Jr., and Henry S. Groesbeeck were the children and only children of the marriage between said Lydia H. Groesbeeck and J. N. Groesbeeck, Sr. Mrs. Kate Frank had been the wife of R. T. Frank, but at the time the suit was commenced had been divorced from him. After the death of Mrs. Lydia II. Groesbeeck, a controversy as to the ownership of property left by her seems to have arisen between her former husband, J. N. Groesbeeck, Sr., and her children, Mrs. Perry, Mrs. Frank, and J. N. Groesbeeck, Jr., each of whom claimed to own, by virtue of wills left by her, interests in her property. This controversy was compromised and settled March 28, 1905, when the parties entered into what they termed a "trust agreement." This agreement was in writing, and was quite lengthy. R. T. Frank, then the husband of Mrs. Kate Frank, joined her in the execution of the instrument, and Mrs. Perry's husband joined her in its execution. The execution of the instrument was acknowledged by Mrs. Frank and by Mrs. Perry in the manner required by the statute to make effective the deed of a married woman to land forming part of her separate estate. The instrument recited that it was "for the purpose of settling all lawsuits and applications for the probate of the last wills of Mrs. Lydia H. Groesbeeck, deceased, and as a complete settlement of all litigation, including the partition suit now pending in the district court of Erath county, Tex., but in no way to affect the probate proceedings relating to the guardianship upon the estate of Henry S. Groesbeeck, a minor, now pending in the county court of Erath county, Tex." By the terms of the agreement J. N. Groesbeeck, Sr., was to "waive and release by an instrument in writing all his claim in and to the estate of Mrs. Lydia H. Groesbeeck, deceased, and his claim to any of the income, rents, or revenues of said estate," and Mrs. Perry and Mrs. Frank, joined by their respective husbands, were "to convey at once and continue in trust to J. N. Groesbeeck, Sr., as trustee, their portion of said estate for a term of six years after Henry S. Groesbeeck shall reach his majority, except their interest in the South Side addition to Stephenville, Tex., and the 44 acres of the John Blair survey, just west of said town of Stephenville." In the instrument provision for a successor to said J. N. Groesbeeck as trustee in the deed to be executed by the other parties to the agreement was made as follows: "In the event of the death of said J. N. Groesbeeck, Sr., the trustee, before the time limited for the expiration of this trust, to wit, six years after the time Henry S. Groesbeeck reaches the age of twenty-one years, then and in that event the said Mrs. Perry and Mrs. Frank shall select a trustee or trustees

as successor to the said J. N. Groesbeeck, Sr., to carry out the terms of this trust, the trustee or trustees selected by Mrs. Perry and Mrs. Frank and their respective husbands shall be required to give good and solvent bonds, and this succession of the trust herein created shall be imperative and the selection of the trustee made within sixty days from the date of the death of the said J. N. Groesbeeck, Sr. And should the said Mrs. Perry and Mrs. Frank and their respective husbands fail or refuse to select a trustee or trustees within sixty days after the death of the said J. N. Groesbeeck, Sr., then Judge L. N. Frank and J. N. Groesbeeck, Jr., shall select a trustee or trustees who shall perform the duties required of the said J. N. Groesbeeck, Sr., as herein specified, until the expiration of the time of the trust as herein provided, and who shall have a good and solvent bond for the faithful performance of all duties herein specified, the bond to be approved by E. E. Perry and Lottie Perry and Richard and Kate Frank as to its solvency and sufficiency. And should the said L. N. Frank and J. N. Groesbeeck Jr., fail or refuse to make such selection within ninety days from the date of the death of said J. N. Groesbeeck, Sr., as herein provided for, then the said trust shall fall and be placed in the hands of the San Antonio Loan & Trust Company, as trustee, ipso facto." It was stipulated in the instrument that the trustee shall have "reasonable compensation for his time and services and necessary expenses in making all conveyances, transfers and necessary papers relating to the estate, and a commission of five per cent. on the amount of money received for Mrs. Perry and Mrs. Frank on the sale of land and five per cent. on all interest and rents collected." Among various other provisions in the instrument was one requiring the trustee, when Henry S. Groesbeeck became of age, to make "a distribution of one-third of the amount of said estate due the said Mrs. Perry and Mrs. Frank," three years after the majority of the said Henry S. Groesbeeck to make "a distribution of one-half of the remainder of said estate to the said Mrs. Perry and Mrs. Frank," and, quoting, "at the expiration of three years from the expiration of the last-mentioned distribution, which will be six years from the time the said Henry S. Groesbeeck shall reach the age of twenty-one years, then the said J. N. Groesbeeck, Sr., trustee herein, or his successor or successors in this trust, shall pay over and deliver to the said Mrs. Perry and Mrs. Frank the remaining portion of said estate due them, and render to them a full statement of the condition of the estate belonging to them, when this trust shall cease and terminate." At the time the instrument evidencing the agreement of the parties was executed, Mrs. Perry joined by her husband, and Mrs. Frank joined by her husband, in

consideration of and in conformity to the agreement, executed and delivered to J. N. Groesbeeck, Sr., a deed conveying to him and his successors in the trust their interests in certain of the lands sought to be partitioned, to be held by him, and his said successors "in trust in accordance with the trust agreement hereto attached and made a part hereof." By the terms of this deed said J. N. Groesbeeck, Sr., and his successors in the trust were empowered "to convey and make deeds to any of the property conveyed in trust to him, or either of them, by this intrument, and to deliver the conveyances and to receipt for and accept the considerations named and received, but his successors shall make no conveyances and receive no money until they have executed the bonds in accordance with said trust agreement." J. N. Groesbeeck, Sr., having accepted the trust, on April 14, 1905, filed the trust agreement and deed to him made in compliance with its terms for record in the office of the county clerk of Erath county, where the lands conveyed to him as trustee were situated. Afterwards, on March 20, 1909, it seems Mrs. Frank, joined by R. T. Frank, then her husband, to secure the payment of their note in favor of appellant Day Cage for the sum of $704, executed and delivered their mortgage conveying part of the lands they had conveyed to said J. N. Groesbeeck as trustee, in conformity to the terms of said trust agreement. On March 26, 1909, it seems, to secure the payment of their note for the sum of $753.35 in favor of S. Frank, said R. T. and Kate Frank, still husband and wife, executed and delivered their mortgage conveying another part of said lands; and on March 26, 1909, to secure the payment of their note in favor of appellants, executed and delivered their mortgage on certain land sought to be partitioned, but which does not seem to have been a part of the land conveyed to J. N. Groesbeeck, Sr., as trustee. By a deed dated April 26, 1909, executed by said R. T. Frank, then the husband of Mrs. Kate Frank, and purporting to have been executed by her, her interest in certain of the lands sought to be partitioned, and being lands which had been conveyed, as aforesaid, to J. N. Groesbeeck, Sr., as trustee, as provided in the trust agreement, were conveyed to appellants, in consideration, as the deed recited, of the sum of $8,250 paid by them to said Frank. It was by virtue of this deed that appellants claimed to own Mrs. Frank's interest in the lands described in it. In their pleading in a cross-action brought by J. N. Groesbeeck, Sr., and Mrs. Frank, who, as stated, had then been divorced from her husband, they sought to have said deed to appellants canceled on the ground that, having conveyed her interest to said J. N. Groesbeeck, Sr., for the purposes specified in the trust agreement, made March 28, 1905, as aforesaid, she was without power during the

life of the trust created to convey an interest in the property to any one, on the further ground that she had been compelled by her husband to execute the deed, and on the further ground that she had been induced by the fraud of her husband, of which appellants had notice when they accepted her deed and parted with the consideration therefor paid by them, to execute it. The fraud charged in the pleading to have been practiced upon Mrs. Frank, and to have induced her to execute the deed, was that her husband had represented to her that appellants were to pay for the lands described in the deed the sum of $8,250 in money and property, when, in fact, they were to pay therefor and actually paid therefor only the sum of $4,800 in money and property. Appellants denied that Mrs. Frank executed the deed because of duress on the part of her husband, or because of fraud practiced by him upon her, or, if it was, that they had any notice of such duress or fraud, and alleged that, if she had executed the deed because of duress or fraud practiced on her, that she had afterwards, with a full knowledge of all the facts, by ratifying, waived her right to avoid her deed. Thirty-four special issues were submitted by the court to the jury. From their findings it appeared that J. N. Groesbeeck, Sr., trustee, never consented to the sale and conveyance of the interest of Mrs. Frank in the trust property claimed by appellants to have been made to them by her and her husband April 26, 1909, nor to the execution by them after the delivery to him of the trust deed of the mortgages referred to above; that, to induce her to execute the deed under which appellants claimed title to her interest in the land therein described, Frank represented to his wife that the consideration appellants had agreed to pay for same was $6,000, a diamond ring worth $250, and two tracts of land guaranteed by appellants to be worth $2,000; that Mrs. Frank understood that certain indebtedness due by her husband was to be deducted from the $6,000 to be paid by appellants; that the notary who took her acknowledgment to the deed to appellants did not explain to her anything about the transaction it was intended to evidence, or about the consideration to be paid by appellants, and that she did not know anything about the transaction and the consideration to be paid by appellants further than she had been informed about same by her husband, as above stated; that she did not willingly execute the deed, but was coerced by her husband into signing it; that appellants did not know when they accepted the deed, and paid to Frank the consideration paid by them for the land, that Mrs. Frank had been coerced by her husband into signing the deed, nor that he had made the representations to her as to the consideration they were to pay, recited above; that the consideration actually

paid by them to Frank for the land was $2,-700 in exchange, $526.25 in money, a tract of land in Angelina county worth $400, a tract of land in Anderson county worth $400, a one-third interest in a rock house in Stephenville, a diamond ring, and debts due by Frank aggregating the sum of $1,767; that the deeds of appellants conveying the tracts of land in Angelina and Anderson counties to Mrs. Frank were delivered by them to Frank, but were never delivered by him to his wife; that no part of the $3,226.25 represented by the exchange and cash paid to Frank ever reached his wife; that she received nothing on account of the Anderson county land conveyed to her by appellants, shown to have been afterwards sold by her husband for $262.50; that, after the deed to the Angelina county land was delivered to Frank, he traded same to appellant Bruce Cage by delivering to him appellants' deed thereto to Mrs. Frank in exchange for a diamond ring worth $450 or $500; and that Mrs. Frank was never informed as to what constituted the real consideration paid by appellants to her husband until about the time she filed her cross-action in this suit seeking to cancel and annul her deed to appellants. It appeared from testimony that the $1,767 indebtedness of Frank canceled by appellants as a part of the consideration for the conveyance to them by Mrs. Frank consisted of a note for $704 dated March 29, 1909, in favor of appellant Day Cage, a note for $753.35 dated March 26, 1909, in favor of Sol Frank, and a note for $300 in favor of appellants. The judgment rendered by the court was in favor of Mrs. Perry, in that it directed a partition of the lands to be made as she prayed for; in favor of appellants as against the cross-action of J. N. Groesbeeck, Sr., as trustee; and in favor of Mrs. Frank, in that it canceled and annulled her deed to appellants; and in favor of appellants, in that it adjudged a recovery in their favor as against Mrs. Frank of the sum of $400, on account of the tract of land in Anderson county conveyed by them to her as a part of the consideration paid by them for the land described in her deed to them, canceled by the decree, and which she afterwards had conveyed to another party; and further in their favor, in that it undertook to revive the debts and mortgages securing same, mentioned above as constituting the $1,767 indebtedness of Frank, canceled in consideration of the conveyance to them of the lands described in Mrs. Frank's said deed to them.

Marshall Ferguson, for appellants. Eli Oxford, B. E. Cook, A. P. Young, and Chander & Pannill, for appellees.

WILLSON, C. J. (after stating the facts as above). [1] Appellants insist that the judgment is erroneous in so far as it cancels the deed of Frank and his wife to them, and decrees the title to the land described in it to be in Mrs. Frank, "because the proof showed," quoting from the assignment, "that Cage & Crow purchased said land for a valuable consideration without any fraud or duress on the part of Cage & Crow, and without any knowledge or notice of any fraud or duress or undue influence practiced upon the said Kate Frank to secure the execution thereof by the said Kate Frank." The jury found that Mrs. Frank did not willingly execute the deed, that she was coerced by her husband into executing it; but they also found that appellants at the time they concluded the transaction with her husband were ignorant of the fact that she had been coerced into executing the deed. So it did not appear that Mrs. Frank, as against appellants, was entitled to have the deed canceled because of the coercion practiced upon her. But it was shown that the consideration for the conveyance agreed upon between appellants and Frank was to be $8,250 in money, debts of said Frank due to appellants, land and a diamond ring. It was further shown that, to induce her to execute the deed, Frank represented to his wife that appellants were to pay them for the land $6,000 in cash, less certain debts he owed them, amounting, it appears from the record, to the sum of $1,767, and convey to them two tracts of land—one in Angelina and the other in Anderson county—guaranteed by appellants to be worth $2,000, and a diamond ring worth $250; and it was further shown that the deed presented to Mrs. Frank was signed by her, and on its face recited the consideration to be paid by appellants to be the sum of $8,250. The jury found that the real consideration for the conveyance was the cancellation by appellants of debts due them by Frank, aggregating the sum of $1,767, the payment to him of $3,226.25 in cash, the delivery to him of a diamond ring, deeds conveying to Mrs. Frank a tract of land in Angelina county worth $400, a tract in Anderson county worth $400, and an undivided interest in a rock house in Stephenville, and the crediting on their books of the sum of $250 in favor of Mrs. Frank. The jury did not find the value of the interest in the rock house, nor the value of the diamond ring, but there is evidence in the record which would have supported a finding that the diamond ring was worth $150 or $250 and the interest in the rock house $400. Including the $250 passed by appellants to Mrs. Frank's credit on their books, about which the record shows nothing further, the total consideration paid by them for the land was about $6,593.25, or $1,656.75 less than the amount of the consideration recited in the deed and $1,656.75 less than the amount thereof as represented to Mrs. Frank by her husband to induce her to execute the deed. The testimony shows, and the jury found, that the notary who took Mrs. Frank's acknowledgment to the deed did not read same to her, nor explain to her in any way anything

about the transaction, or that the real consideration to be paid by appellants was other than the consideration recited in the deed, and, further, that she had no information as to the consideration and the nature thereof other than that furnished to her by her husband as recited above. It appearing, as it did from the findings and testimony referred to, that the land conveyed was the separate property of Mrs. Frank, and that she was induced by false representations made to her by her husband to execute the deed conveying same to appellants, if they participated in or were chargeable with notice of the fraud perpetrated, they have no right to complain of the cancellation of the deed. [2] The jury did not find that they were parties to the fraud of Frank, and it is not necessary to look to the record to determine whether testimony in it warranted such a finding, because, under repeated holdings of the courts, it must be said they were chargeable with notice of the fraud. Cole v. Bammel, 62 Tex. 112; Stallings v. Hullum, 79 Tex. 421, 15 S. W. 677; Stallings v. Hullum, 89 Tex. 431, 35 S. W. 2; Johnson v. Callaway, 87 S. W. 178. In the case last mentioned Judge Gill, referring to the others, said: "By these decisions it is settled that where a vendee accepts a deed from a husband and wife in conveyance of either her separate property or her homestead, and the recited consideration is greater than that agreed to be paid and actually paid, the vendee is thereby put upon inquiry, and is guilty of constructive fraud, rendering the deed a nullity, unless it be shown that the wife knew of and assented to the lesser sum as the consideration for the conveyance." The testimony of appellant Bruce Cage was that appellants agreed to pay Frank $8,250 in money, property, and debts. The consideration recited in the deed they accepted was $8,250. As shown above, they actually paid Frank, the court had a right to say from the findings and testimony, $1,656.75 less than that sum.

[3] Appellants further insist that, if Mrs. Frank ever had a right to avoid her deed, she waived it by ratifying her execution of it after she had obtained full knowledge of the true consideration paid by them. This contention finds its answer in the unchallenged finding of the jury that Mrs. Frank first learned of the true consideration paid her husband for the land about the time she filed her intervention in the suit. There was no evidence tending to show that thereafterwards she did any act indicating an assent to or waiver of the fraud practiced upon her. Speer's Law of Married Women, §§ 152, 131.

[4] Finally, appellants insist that, after canceling the deed, the court erred in failing to compel Mrs. Frank to do equity by restoring to them the consideration they paid her husband for the land described in the deed. In so far as it applies to the part of the consideration which was actually received by her and the part thereof which operated to relieve her separate estate of the liens she had created thereon by the mortgages mentioned above, we think the contention should be sustained; but we do not think she should be required to restore the part of the consideration paid by appellants to her husband which she did not receive and which did not operate in any way to benefit her separate estate. Chargeable, as they were, with notice of the fraud practiced upon her by her husband, appellants in effect became parties thereto when they accepted Mrs. Frank's deed, and without her consent paid to her husband another and different consideration therefor than the consideration she had a right to expect and demand of them. Therefore, we think, they should not be heard to say that the relief she sought should be granted only on condition that she return to them something she had never received, nor obtained benefit from, and which, as they had a right under the circumstances to expect it would be, had been wrongfully used by Frank for his own purposes. As between themselves and Mrs. Frank, we think equity will be done when she shall have restored to them what, or its value, she actually received of the consideration they paid. From the record it seems she received of said consideration a diamond ring, $140 in money, the tract of land in Anderson county, and a release of debts secured by liens on her separate property aggregating $1,767. [5] Appellees J. N. Groesbeeck, Sr., and Mrs. Frank, with reference to the liens referred to as securing debts, insist that the mortgages evidencing them were void because made by Mrs. Frank during the life of the trust created by the deed to J. N. Groesbeeck, Sr., when, they insist, Mrs. Frank, because of the conveyance to J. N. Groesbeeck, Sr., was without power to incumber her interest in the property. For reasons hereinafter stated, we think she could not during the life of the trust by a mortgage on her interest in the property deprive the trustee of the power conferred upon him or interfere with his exercise of same, but we see no reason why a mortgage made by her, if otherwise valid, should not have operated to pass to her mortgagee the interest she owned in the property, subject to the trust she had joined other parties in creating. Monday v. Vance, 92 Tex. 428, 49 S. W. 516. The cancellation of the deed she made to appellants should, we think, be on the condition that she pay to them the value of the part of the consideration paid by appellants which she actually received, including the amount of said debts secured by her mortgages. The testimony as to the value of the diamond ring she received as a part of the consideration was conflicting, and the conflict was not determined by a finding of either the jury or the court. As this court cannot say that it was worth $150 as testified to by R. T. Frank, or $250 as testified to

by B. C. Cage, the judgment disposing of this part of the litigation cannot be so reformed here as to avoid the necessity of remanding the case otherwise than for the purposes of the partition to be made.

By cross-assignments, appellees J. N. Groesbeeck, Sr., and Mrs. Frank attack the judgment as erroneous, in so far as it is in favor of Mrs. Perry for a partition, and in so far as it adjudged a recovery in favor of appellants against Mrs. Frank of the sum of $400 on account of the Anderson county land, and in so far as it undertook to revive as against Mrs. Frank the debts and mortgages made to secure same representing the $1,767 indebtedness canceled by appellants as a part of the consideration for the conveyance to them of the lands described in Mrs. Frank's said deed to them of April 26, 1909, canceled and annulled by the decree. [6] The contention as to the part of the judgment which provides a recovery by appellants against Mrs. Frank of $400 on account of the Anderson county land should not, we think, be sustained. By her conveyance of that land she, in effect, appropriated its value to her own use, and equity, we think, therefore would require her to restore to appellants its value, as found by the jury. The contention that the judgment is erroneous in so far as it attempted to revive the debts and mortgages referred to has in effect been disposed of by the ruling made that her deed to appellants should be canceled only on the condition that she pay to appellants a sum equal to the aggregate of those debts as found by the jury. Of course, appellants are not entitled to have such a payment made to them, and also to have the debts and mortgages revived.

[7] It appears that a partition was sought by Mrs. Perry, not only of the lands conveyed in trust to J. N. Groesbeeck, Sr., but also of certain other lands. As to such other lands, the record discloses no reason why she was not entitled to have a partition made as prayed for. Whether she was entitled to a partition of the lands conveyed by her and the other parties to the trust deed to J. N. Groesbeeck, Sr., depends upon the effect which should be given that deed when considered in connection with the trust agreement in accordance with which it was made. If the effect of that deed was to pass to said J. N. Groesbeeck, Sr., during the time specified in it an exclusive right to manage, sell, or otherwise dispose of it for the purpose of the trust the interest of Mrs. Perry and Mrs. Frank in the property it conveyed, and to deprive them during that time of a right to exercise any power over or with reference to it inconsistent with such a right in said J. N. Groesbeeck, Sr., then it should be held that Mrs. Perry was not entitled to a partition of that property during the life of the trust. Monday v.

Vance, 92 Tex. 428, 49 S. W. 516. No reason why she did not have the power to create such a trust and deprive herself of such a right has been suggested. If she might have done so, and we think she might, then clearly she did do so; for a right on her part to have a partition as sought during the life of the trust is not only inconsistent with the power conferred upon the trustee by the deed, but also is inconsistent with the intention of the parties to it as declared in the trust agreement when they stipulated that the interests of Mrs. Perry and Mrs. Frank in the property described in the deed should be conveyed "at once and continue in trust to J. N. Groesbeeck, Sr., as trustee, * * * for a term of six years after Henry S. Groesbeeck shall reach his majority," and, as further shown by the provision so carefully made for a successor in the trust, in the event of the death of said J. N. Groesbeeck, Sr., during the time it was to continue. The trust was an active one, and was based upon a consideration inuring to each of the parties to it. Each of them had a right, we think, to insist that it should be carried out according to its terms, free of a right on the part of either of the other parties to it during its life, to exercise or have a court to exercise any power over the property inconsistent with the powers conferred upon the trustee. To permit any one of the parties against the wish of any other one of them to have a partition of the property during the life of the trust we think clearly would be inconsistent with their intention as evidenced by their agreement, and would operate to interfere with an exercise by the trustee of the powers conferred upon him. Therefore we are of the opinion that the judgment is erroneous in so far as it decreed a partition of the lands conveyed to J. N. Groesbeeck, Sr., as trustee.

The judgment will be reversed, and the cause will be remanded for a new trial in accordance with the rulings we have made.