BARNETT et al. v. ELLIOTT et al.

(Court of Civil Appeals of Texas. Austin. Nov. 5, 1913.)

1. EVIDENCE (§ 461*)—PAROL EVIDENCE TO VARY INSTRUMENT—ADMISSIBILITY.

Where a conveyance which purported to fix the rights of the several grantors to the proceeds of the property was ambiguous, parol evidence is admissible to explain the intention of the parties.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 2129–2133; Dec. Dig. § 461.*]

2. EVIDENCE (§ 269*) — ADMISSIONS — ADMISSIONS BY CONDUCT.

A mother deeded land to her son in consideration of his agreement to support and maintain her during the balance of her life, and thereafter the parties, including the son's wife, executed a conveyance of the property in trust, the mother to receive the proceeds for life, with remainder to the son's wife, and later the three sold the property; the conveyance reciting that the parties had determined to abrogate all provision agreements. Held that, the conveyance being ambiguous as to disposition of the proceeds of the sale, the declarations by the mother communicated to her son and his wife before they executed their conveyance as to what she intended to do with that part of the proceeds which were to remain in trust for her benefit are not inadmissible on the ground of hearsay, or that they were made without the hearing of the son and his wife, but may be considered to determine the intent of the parties as to the disposition of the proceeds.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1063–1067; Dec. Dig. § 269.*]

3. TRIAL (§ 63*)—RECEPTION OF EVIDENCE—REBUTTAL EVIDENCE.

The mode of reception of evidence rests largely in the discretion of the trial court, and, where the parties failed to offer parol evidence to explain a written instrument, because they understood that the court had not found it ambiguous, it was not improper, the instrument being ambiguous, to allow the evidence to be admitted in rebuttal.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 151–153; Dec. Dig. § 63.*]

4. TRIAL (§ 63*)—RECEPTION OF EVIDENCE—REBUTTAL EVIDENCE.

Evidence which would be admissible in chief when admitted by the court on rebuttal should be considered by it and given the same weight as any other evidence; the case being tried to the court without a jury.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 151–153; Dec. Dig. § 63.*]

5. TRUSTS (§ 119*)—CONSTRUCTION—ACTIONS.

In a suit to determine the rights of the parties to money in trust for plaintiff's mother, *held* that, under the evidence, plaintiff was not entitled to the money by virtue of the instrument creating the trust.

[Ed. Note.—For other cases, see Trusts, Cent. Dig. § 166; Dec. Dig. § 119.*]

6. TRUSTS (§ 119*)—CONSTRUCTION—TRUST INSTRUMENT.

Where land held in trust was sold, all the parties interested joining in the conveyance which created a trust of the proceeds, the original instrument cannot be considered in construing the second trust instrument, where it distinctly stated that all former agreements of every kind were abrogated.

[Ed. Note.—For other cases, see Trusts, Cent. Dig. § 166; Dec. Dig. § 119.*]

7. EVIDENCE (§ 450*)—PAROL EVIDENCE TO VARY INSTRUMENT—AMBIGUITY—WHAT CONSTITUTES.

Where property held in trust for several persons was conveyed by all of them under an instrument reciting that all former agreements were abrogated, and, that the conveyance was made in consideration of a certain payment, part of which was to be paid to a trustee for the use of one of the parties, payments to be made in monthly installments during her lifetime and whenever deemed necessary by the trustee, and that the remainder was to be paid to the others, there is an ambiguity in the instrument as to the final disposition of the moneys held in trust, warranting admission of parol evidence.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 2066–2082, 2084; Dec. Dig. § 450.*]

8. TRUSTS (§ 257*)—ACTIONS—PROPER PARTIES—RIGHT TO INTERVENE.

In a suit involving the disposition of the proceeds of moneys held in trust for a deceased life tenant, a creditor of the life tenant may intervene, for he would be entitled to compel administration, and thus determine the right to the property.

[Ed. Note.—For other cases, see Trusts, Cent. Dig. §§ 363–368; Dec. Dig. § 257.*]

9. PLEADING (§ 402*)—PERSONS ENTITLED TO ALLEGE ERROR.

In an action involving the disposition of trust property, defendants impleaded by the trustee, against whom plaintiffs brought their action, cannot complain that the petition did not state a cause of action against them, where, by their own pleading, they alleged their interest, and contested the right asserted by plaintiffs.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 1343; Dec. Dig. § 402.*]

Appeal from District Court, Matagorda County; Wells Thompson, Judge.

Action by John W. Elliott and another against J. A. Barnett, in which Mary Ellen Rogers and others were impleaded, and W. G. Baker intervened. From a judgment for plaintiff and intervener, the impleaded defendants appeal. Reversed and remanded.

Linn, Conger & Austin, of Bay City, for appellants. Krause & Wilson and Holland & Murphy, all of Bay City, for appellees.

### Statement.

KEY, C. J. October 9, 1905, Mrs. Gertrude E. A. Elliott executed a deed, by which she conveyed to her son, John Elliott, and his wife, Melissa Elliott, a certain tract of land comprising 186$^9/_{10}$ acres. The consideration recited in the deed was $5 cash, love, and affection, and that the grantees were to support and maintain Mrs. Elliott during the balance of her life. Thereafter Mrs. Elliott, the grantor, brought suit against John W. Elliott and his wife to cancel the deed referred to, and, from a judgment in her favor, an appeal was prosecuted, and on February 21, 1908, the Court of Civil Appeals for the First District reversed the judgment of the district court, and rendered judgment in favor of John W. Elliott and his wife, upholding the deed, and that judgment was approved by the Supreme Court's refusal to grant a writ of error. Elliott v. Elliott, 50 Tex. Civ. App. 272, 109 S. W. 215.

At the time the deed was executed John W. Elliott and his wife executed a separate instrument of writing, securing to Mrs. Elliott the rents from the land during her lifetime. In its first opinion, the Court of Civil Appeals stated that the evidence was insufficient to show that John W. Elliott and his wife had breached their contract for the support and maintenance of Mrs. Elliott; but, in a subsequent opinion overruling the motion for rehearing, that statement was withdrawn, and the court stated that testimony given by Mrs. Elliott would support a finding that the contract had been breached. 50 Tex. Civ. App. 272, 109 S. W. 1142.

On the 30th day of June, 1908, Mrs. Elliott and her son, John W. Elliott, and his wife executed to J. A. Barnett a deed of trust, conveying the land referred to to him as trustee, with remainder over to Melissa Elliott, the wife of John W. Elliott, which instrument, among other things, contained the following recitals and stipulations:

"That whereas, we, Gertrude E. A. Elliott, widow, and John W. Elliott and Melissa Elliott, husband and wife, are desirous of forever settling all matters in contention between us, present and future, and of adjusting satisfactorily between each of us all the subject-matters of litigation now pending, or which may hereafter be commenced, over the conveyance heretofore made by Gertrude E. A. Elliott to John W. and Melissa Elliott, of date the 9th day of October, A. D. 1905, and of record in the deed records of said county, in volume 16, on page 265, thereof, or over rights and duties growing out of the same, and for the purpose of securing, as far as possible, to Gertrude E. A. Elliott a capable, careful, and efficient man-

agement and control of and the collection and receipt of the rents and revenues of the land herein described in a fixed amount annually, as near as can be as herein agreed for the term of her natural life, which rents were reserved by her and to her use when the aforesaid deed was made and delivered by her to John W. Elliott and Melissa Elliott, and which said deed is hereby ratified and confirmed, and for the further purpose of securing the absolute fee-simple title to the lands herein conveyed (same being a part and portion of the lands therein conveyed) to Melissa Elliott, her heirs and assigns, free from litigation, contention, or adverse claim of any kind by us or either of us, or by any person claiming under us, or either of us, and the conveyance to her of the unincumbered fee-simple title thereto upon the death of Gertrude E. A. Elliott, free from any and every rent, claim, charge, incumbrance, burden, use, demand, or profit existing upon or arising out of the said land in any manner whatsoever, in favor of Gertrude E. A. Elliott, or any person claiming under her, at the present time, or at any future time, during the life of her, the said Gertrude E. A. Elliott, and to secure a conveyance of the said land to said Melissa Elliott on the death of the said Gertrude E. A. Elliott by the trustee herein named, or his successor, by general warranty deed by him to be made, executed, and delivered upon the happening of the death of said Gertrude E. A. Elliott, and for the further purpose of removing all fears entertained by Gertrude E. A. Elliott of the capacity of John W. Elliott to successfully manage and operate the said land as was contemplated and agreed to when the aforesaid deed from Gertrude E. A. Elliott to Jno. W. Elliott and Melissa Elliott, of date the 9th day of October, 1905, was executed and delivered, and to render any incumbrance thereof by him impossible, and for the final purpose of securing to each of the parties hereto the rent and management of the land and collection of the rentals arising therefrom during the life of G. E. A. Elliott, by a careful, competent, and honest trustee, representing all interest in so doing, so that no possible cause, reason, or occasion can or could arise or exist between the grantors or any of them herein to support contention or litigation in or over this conveyance and trust, or over the lands herein described and conveyed, or over or concerning the terms of the deed from G. E. A. Elliott to John W. and Melissa Elliott, hereinbefore described, and of settling all and every litigation now pending or proposed between us of any kind whatsoever: Now, therefore, we, Gertrude E. A. Elliott, widow, and John W. Elliott and Melissa Elliott, husband and wife, all of the county of Matagorda, state of Texas, in consideration of the above stipulations, covenants, and purposes agreed to between us and each of us, and of the mutual agreement and settlement of all matters of contention

160 S.W.—43

between us, either present or future, growing out of or concerning the deed from Gertrude E. A. Elliott to John W. Elliott and Melissa Elliott, heretofore described, and to secure careful and successful management of the lands and collection of the rents therefrom, and of the further consideration of the sum of ten dollars ($10) cash to us in hand paid by J. A. Barnett, trustee, of the county of Matagorda, state of Texas, and of the trusts hereinafter mentioned, have granted, bargained, sold, and conveyed, and by these presents do grant, bargain, sell, and convey, unto him, the said J. A. Barnett, trustee, and to his successor in this trust, the following described tract or parcel of land. * * *

"In trust, nevertheless, and upon the following trust terms and conditions, viz.: The said J. A. Barnett, trustee, shall as soon as possible, after the execution and delivery hereof, take charge and possession of the above-described tract of land, and proceed to the management thereof as contemplated hereby, and when the rents are or become due and payable by tenants on said land, and now under contract made with W. S. Holman, trustee, he, the said J. A. Barnett, trustee, shall collect the same, and, if said rents consist either in whole or in part of crops raised thereon, he shall sell the same at the highest market price obtainable, and place the sums so received with the other funds received and collected as rent for the land for the year 1908, and out of the rents so received and collected by him he shall pay and deliver to Gertrude E. A. Elliott the amount of one ($1.00) dollar per acre for each acre of the land so cultivated and yielding an income for the year 1908, and take her receipt therefor; if there be so much in amount of rents received over and above the charge and expenses of the trusteeship of W. S. Holman, and the balance of the rents so received (if any such there be), less the expenses of collecting and securing the same, the said trustee shall pay over to John W. Elliott, for use in payment of repairs, replacements, and taxes, and for improvements, and betterments of the land.

"For the year 1909, and thereafter during the life of Gertrude E. A. Elliott, and up to the date of her death, the trustee, J. A. Barnett, herein named, or his successor in this trust, shall take hold and enjoy as trustee under this trust, and for the lawful performance of its duties and powers, the exclusive management, care, control, custody, and possession of the above-described tract of land, and shall rent the same, in whole or in part as may be possible and practicable, to such person or persons and upon such term or terms as may to him seem best for the interest of the grantors herein and each of them, and out of the rents and proceeds of rents so received by him he shall during the life of said Gertrude E. A. Elliott, annually, in such installments and amounts and at such times as may be convenient and

possible, pay to Gertrude E. A. Elliott the amount or sum of one dollar for each acre of the land cultivated, rented, and income bearing for said year, if so much rentals there be, after paying the charges and expenses of collection and securing the same, and, if there be not sufficient rents to do so, then he shall pay to her all rents so received by him, less the charges and expenses of collecting, and the balance of said rents so received (if any there be) the said trustee and his successor shall pay and deliver same to said John W. Elliott annually, on or before the 1st day of January of the succeeding year, to be used by him for the purposes above stated, and shall continue to do so during the life of said Gertrude E. A. Elliott, one of the grantors herein. It being understood that the trustee, J. A. Barnett, or his successor, is hereby authorized and empowered, and it is contemplated that he shall employ, secure, and use all necessary means and agencies necessary to and proper in the performance of his duties as trustee, in the renting of the land and the collecting of the rents therefor, and that such reasonable charges and expenses as he may necessarily incur in so doing shall be deducted by him from the rents received prior to the payment thereof either to Gertrude E. A. Elliott or John W. Elliott, as hereinbefore stated.

"Upon the death of the joint grantor, Gertrude E. A. Elliott, the trustee, J. A. Barnett, or his successor in this trust, shall and will upon the demand of Melissa Elliott, it is hereby made his duty to convey the tract of land herein described in fee simple to Melissa Elliott, her heirs and assigns, forever, by general warranty deed, and upon the execution and delivery of the said deed as herein provided to her, the said Melissa Elliott, the duties and powers of the said trustee, J. A. Barnett, herein given and his successors shall cease and determine, and this trust will end, but otherwise it shall remain in full force and effect up to and until the date of the death of the said Gertrude E. A. Elliott, and thereupon said Melissa Elliott may, and she is hereby empowered to, compel the execution and delivery of said conveyance."

July 29, 1911, Mrs. Gertrude Elliott, John W. and Melissa Elliott, and J. A. Barnett, acting as trustee, executed a deed, by which the tract of land referred to was conveyed to W. C. Glover, and the portions of that instrument which are material in this case read as follows: "Whereas, instruments have been heretofore executed between Gertrude E. A. Elliott, a widow, John W. Elliott, and Melissa Elliott, his wife, and J. A. Barnett, trustee, all of whom are residents of Matagorda county, Texas, concerning, involving, and appertaining to the title of 215 acres of land out of the Thos. Cayce league, in Matagorda county, Texas; and whereas, W. C. Glover, of Matagorda county, Texas, has contracted to buy said land on basis of

its actual acreage, which by survey has been ascertained to be 189.9 acres net, and has contracted to pay therefor as hereinafter set out; and whereas, the said Gertrude E. A. Elliott, and John W. Elliott, and Melissa Elliott have determined to abrogate and cancel all agreements of every kind and character heretofore existing concerning the ownership, management, or control of said land in consideration of the premises hereinafter named, and J. A. Barnett, the trustee, without personal liability, has acquiesced in such arrangement; and whereas, under said agreement, all former agreements concerning the title of said land or any interest therein having been revoked, canceled, abrogated, annulled, and terminated, and said land has been sold to W. C. Glover as hereinafter set out: Now, therefore, know all men by these presents, that we, Gertrude E. A. Elliott, and John W. Elliott, and Melissa Elliott, his wife, and J. A. Barnett, trustee, but without personal liability, all of Matagorda county, Texas, for and in consideration of the sum of $5,607, paid and to be paid as follows: $3,607 in cash, $2,000 of which cash is to be paid J. A. Barnett, trustee, for the use and benefit of Gertrude E. A. Elliott and her maintenance and support, the interest of which, together with any part of the principal deemed necessary by said trustee, is to be paid over to said Gertrude E. A. Elliott in monthly installments during her lifetime by the said J. A. Barnett, trustee, and for which said trustee is to give no bond, and held to no responsibility other than ordinary care, and the remaining $1,607 out of said cash, which is to be paid to J. A. Barnett, trustee, out of which he is first to pay himself all commissions for the sale of the herein described land, and for other services in connection with his former trusteeship herein, and all survey, attorney's fees, and other necessary expenses in any wise incident to or connected with the handling of said land or the transfer of same, including the retention of a sufficient amount of money to pay all back taxes due, together with the taxes for the year 1911, the said J. A. Barnett, trustee, to turn over and deliver any balance remaining in his hands of the payment of such amount to John W. Elliott for the benefit of himself and wife, Melissa Elliott, taking his receipt therefor, and the further consideration of the execution and delivery by the said W. C. Glover of his four certain promissory notes, all bearing even date herewith, all payable to the order of John W. Elliott and Melissa Elliott, at Bay City, Texas, all bearing interest at the rate of 10 per centum per annum from date until paid, each containing the usual deferred interest, maturity, and attorney's fees clauses, each being for the sum of $500, and being payable on or before December 15, 1912, 1913, 1914, and 1915, after date respectively, have bargained, granted," etc.

It was shown by clear and uncontradicted

testimony that the total consideration received for the land was $3,607, instead of $5,607, as recited in the deed, and that $2,000 of the same was paid to J. A. Barnett, trustee, in cash, and the balance, after paying certain expenses, the amount of which was not shown, was paid over to J. W. Elliott and wife.

On the 11th day of April, 1912, Mrs. Gertrude Elliott died, and on the 7th day of May following John W. Elliott and his wife commenced this suit against J. A. Barnett, and sought to recover from him the $2,000 which he had received as trustee under the instrument referred to. J. A. Barnett filed an answer, in which he impleaded Mary Ellen Rogers and her husband, and certain other designated persons, and alleged that they, together with the plaintiff John W. Elliott, were the heirs of Mrs. Gertrude Elliott deceased, that there was no administration upon her estate, and that it was necessary for his protection that they should be made parties to this suit. The parties referred to filed an answer, containing a general demurrer and a number of special exceptions to the plaintiffs' petition. They also filed a general denial and a special answer, the terms of which need not be stated further than to say that it resisted the plaintiffs' alleged right to the remainder of the $2,000 in the hands of the trustee, J. A. Barnett, at the time of the death of Gertrude Elliott, and presented the contention that the money referred to belonged to the estate of Gertrude Elliott, and descended and vested in her heirs, and did not belong exclusively to the plaintiffs. To that plea the plaintiffs filed a general denial. G. W. Baker filed a plea of intervention, claiming that at the time of the death of Mrs. Gertrude Elliott she was indebted to him in certain specified sums for support and maintenance, and that after her death he paid certain of her funeral expenses.

The defendants Mary Ellen Rogers and others who had been impleaded filed exceptions to the plaintiffs' petition, and a motion to strike out Baker's plea of intervention, and also an answer thereto, containing a general demurrer and number of special exceptions, a general denial and special plea, the terms of which need not be set forth. They followed that up with a supplemental answer, containing special exceptions, and a special plea, the terms of which will be omitted. G. W. Baker filed a supplemental plea of intervention, denying the facts alleged in the pleas last referred to, and reasserting his right to recover a portion of the funds held by Barnett, trustee.

The case was tried before the court without a jury, and judgment rendered, overruling all the exceptions interposed by the impleaded defendants, and reciting the fact that J. A. Barnett had paid into the registry of the court the sum of $2,000, that all the parties had agreed that Barnett was entitled to $300, as compensation, and for his expenses as trustee, and $25 paid by him to Mrs. Gertrude Elliott, and thereupon judgment was rendered that he go hence without day, etc. The judgment then proceeds to award and adjudge to J. A. Barnett, trustee, $300, and to G. W. Baker, on his plea of intervention, $631.25, and the remaining $1,043.75 to the plaintiffs John W. and Melissa Elliott, and Mary Ellen Rogers and the other impleaded defendants have prosecuted this appeal.

The trial judge filed findings of fact and conclusions of law, but made no distinct finding as to what the grantors in the instrument of July 29, 1911, intended should become of whatever portion of the $2,000 trust find might remain on hand at the death of Mrs. Elliott. It also appears that, after the judge announced from the bench that he would hold that the plaintiffs were entitled to recover such remainder, appellants, over the objection of plaintiffs, were permitted to introduce oral testimony tending to show that, before the execution of the deed referred to, it had been orally agreed between Gertrude Elliott and John W. Elliott that the land was to be sold to Glover, and the proceeds divided between them, so that Mrs. Gertrude Elliott was to become the absolute owner of the $2,000 which was to be paid to Barnett, the trustee, and by him used for her benefit; but the judge stated at the conclusion of his findings of fact that the testimony referred to, and some slight testimony offered by the plaintiffs in rebuttal, had not been considered by him in deciding the case because of the fact that he had permitted it to be introduced after he had announced his decision. But, notwithstanding that statement, in qualifying bills of exception presented by the plaintiffs and approved by the judge, he stated that he reopened the case, and permitted the testimony referred to to be introduced because of the fact that he had previously and repeatedly indicated to counsel that he would construe the trust as one passing the absolute title to the $2,000 to Mrs. Gertrude Elliott, and had thereby misled appellants, and induced them not to offer the evidence until after he changed his mind and announced his holding to the contrary, and then the trial judge proceeds to say: "And after the admission thereof the said testimony was considered by the court in rendering final judgment in the cause."

### Opinion.

Without treating in detail the several assignments of error presented in appellants' brief, we announce our conclusion upon the controlling questions in the case as follows:

[1] 1. We conclude that the trust instrument which fixes the rights of the parties, and which is the deed to W. C. Glover, of date July 29, 1911, is ambiguous in respect to the intention of the parties as to the ownership of whatever portion of the $2,000 trust

fund should remain unexpended after the death of Mrs. Gertrude Elliott, and that it was proper for the court to hear and consider any admissible testimony tending to show what the parties really intended in that regard. According to the bills reserved thereto, the testimony offered upon that subject was objected to by the plaintiffs (1) because there was no ambiguity in the instrument creating the trust, and therefore it was not permissible to contradict, vary, or explain it by parol evidence; (2) because the plaintiffs were not present when Mrs. Gertrude Elliott made the statements testified to; (3) because such testimony was hearsay; and (4) the testimony was offered after the parties had rested and the court had announced its judgment.

[2-5] Our holding that the instrument referred to is ambiguous upon its face answers the first objection. As to the second and third, there was testimony tending to show that the statements made by Mrs. Gertrude Elliott were communicated to the plaintiffs before they signed the instrument, and that the latter acquiesced in Mrs. Elliott's contention in that regard. The fourth and last objection is disposed of by the explanation given by the court as to the reason why the case was reopened. That was a matter within the sound discretion of the trial court, and the reason given by that court shows that there was no abuse of that discretion. Hence we hold that the appellants had the right to have the testimony referred to considered and given its proper weight by the trial court, and, if it was so considered, we hold that the judgment should be reversed, because it is contrary, if not to all, at least to the overwhelming weight of the evidence. If that testimony was not considered, then the case should be reversed because of the failure of the trial court to consider it. Of course, we do not know whether or not the evidence referred to was considered by that court, because in separate and distinct written documents the judge has stated that he did and that he did not consider it, and such contradictory statements, in and of themselves, ought to be held sufficient ground for reversing the case.

[6, 7] Counsel for appellees contend that the instrument under consideration should be construed in connection with and as supplemental to the former trust instrument, in which there was a reversionary clause, distinctly vesting in Mrs. Melissa Elliott the remainder of the trust estate. That contention is unsound, because it is distinctly stated in the last instrument that it had been agreed between Mrs. Gertrude Elliott and John W. and Melissa Elliott that all former agreements of every kind and character concerning the title to the land or any interest therein had been revoked, canceled, abrogated, annulled, and terminated. Hence we hold that, while it may be proper to consider what had occurred in the past in determining what was the last and final agreement between the parties, that agreement, and that alone, fixes their rights.

Counsel for appellees also cite and rely upon Monday v. Vance, 92 Tex. 428, 49 S. W. 516. In that case a husband and wife had executed a trust deed conveying the property to a trustee for the use and benefit of the wife and her minor children, and thereafter the husband and wife conveyed the property to others. The trustee and the minor children sued the husband and wife, and their vendees, to recover the property, and on certified questions the Supreme Court held (1) that the trustee's title was limited to the purposes of the trust, and that the remainder of the estate could be conveyed by the husband and wife, and (2) that during the lifetime of the beneficiaries, or at least during the minority of the children, the trustee was entitled to possession and control of the property. The instrument there construed was in the ordinary form of a deed of trust, except that it contained no reversionary clause, while the one involved in this case converts property in which Mrs. Elliott had a life estate into money, and uses some language tending somewhat to show an agreement between her and her son and his wife to divide the money, so as to vest in her complete ownership of the $2,000, subject, of course, to the right of possession and control by the trustee. But that language is not so clear and specific as to render it certain that such was the intention of the parties, and therefore we hold that the instrument is ambiguous, and that parol evidence is admissible to aid in determining its meaning.

[8] 2. We hold that no error was committed in overruling appellants' objections to the intervention of W. G. Baker. He alleged in his petition that the fund in question, which had been deposited in the registry of the court, was the only property belonging to the estate of Mrs. Gertrude Elliott, and if that be true, and he was a creditor of that estate, and chose to intervene in this case instead of forcing an administration, we perceive no sufficient reason why he should not be permitted to do so.

[9] 3. We also hold that no error was committed in overruling appellants' exceptions to the plaintiffs' petition. In that petition the plaintiffs sued Barnett alone, and while, as alleged by appellants, it disclosed no right of action against them, it was not necessary that it should do so. They were impleaded by the defendant Barnett, and they would hardly be heard to say, nor do they say, that Barnett's plea failed to show that they were interested in the subject-matter of the litigation, and therefore proper parties. In fact, in their own pleading they allege their interest, and contest the rights asserted by the plaintiffs.

4. For the reasons stated, the judgment of

the trial court is reversed, and the cause remanded for further proceedings in accordance with this opinion.

Reversed and remanded.