[Civ. No. 3579. Second Appellate District, Division Two.—December 21, 1921.]

HELEN F. WHITNEY, Administratrix, etc., Appellant, v. E. M. NEALLEY et al., Respondents.

[1] TRUST—CONVEYANCE OF REAL PROPERTY—PASSING OF TITLE—VESTED REMAINDER.—A written instrument assigning, granting, and transferring to named persons described real property "to have and to hold the same in trust during the remainder" of the life of the grantor, and giving and granting to other named persons the remainder and residue of the property in the hands of the trustees at the time of the death of the grantor, vests title immediately and absolutely in the trustees and is not a void trust to convey, since the trustees are not directed to make a conveyance.

[2] ID.—DELIVERY TO TRUSTEES — AGENTS OF REMAINDERMEN.—Delivery of such instrument to the trustees was sufficient to vest title in the remaindermen without a delivery to the latter, since the trustees became their agents.

[3] REMAINDERS—DEED—EXCEPTION TO RULE.—Remainders are an exception to the general rule that one not a party to a deed can take nothing by it.

[4] TRUST—ACCUMULATIONS—VALIDITY OF PROVISION—WHEN NOT DE-
TERMINABLE.—The validity of a trust provision for accumulations
will not be determined in the absence of a showing of an accrual
of such accumulations.

APPEAL from a judgment of the Superior Court of
Orange County. Z. B. West, Judge. Affirmed.

The facts are stated in the opinion of the court.

Eden & Koepsel for Appellant.

Scarborough & Forgy for Respondents.

CRAIG, J.—This action is one for damages for the alleged
conversion of property claimed to have belonged to the estate
of Julia Stebbins. The record contains a stipulation as to
facts from which it appears that on August 4, 1915, the
deceased executed a conveyance to M. M. Crookshank and
E. M. Nealley, as trustees, and to Harry O. Stebbins and
Charles S. Stebbins and the First Congregational Church of
Santa Ana. She died on the 8th of March, 1918; that Helen
F. Whitney was duly appointed and qualified as administra-
trix of the estate of Julia Stebbins and maintains this action
in that capacity. It is further stipulated that the trustees
received the instrument and the property conveyed immedi-
ately upon the execution of the conveyance; that Crookshank
died in 1916, and Nealley thereafter continued as trustee
alone; that upon the death of Julia Stebbins, at the request
of Harry O. Stebbins, Charles S. Stebbins, and the First
Congregational Church of Santa Ana, Nealley sold the trust
property then in his hands and paid the proceeds of the sale
to the parties last named.

The instrument which we are called upon to consider
clearly created a trust in Nealley and Crookshank and con-
stituted a grant over to Harry O. Stebbins, Charles Steb-
bins, and the First Congregational Church of Santa Ana.
The writing to be construed begins, ''I, Julia Stebbins, a
single woman, of Orange County, California, *assign, grant
and transfer* to M. M. Crookshank and E. M. Nealley of the
same place, the following described property now belonging
to me, to-wit'': then follows a description of the property

conveyed. It continues: "To Have and to Hold the same in trust during the remainder of my life, . . .

[1] "All the remainder and residue of said property and funds and of the proceeds thereof in the hands of my said trustees at the time of my death, I *give* and *grant* to my nephews, Harry O. Stebbins and Charles Stebbins, of Baltimore, Maryland, and the First Congregational Church of Santa Ana, California, in the following proportions, to-wit: One-half (½) of said residue to Harry O. Stebbins; one-quarter (¼) to Charles Stobbins and one-quarter (¼) to the First Congregational Church of Santa Ana, California." (Italics ours.) The title which the trustees received was expressly limited to the life of the grantor. Under the terms of the instrument the title vested immediately and absolutely in the grantees by the act of the grantor. It is not void as a trust to convey, for the trustees are not directed to make a conveyance. If they did so, or if they sold the property, they may have exceeded their authority, but this fact gives the plaintiff no cause for complaint for she has no rights. No deed or other conveyance was necessary to be executed by the trustees. The writing contains this statement, "I give and grant to my nephews," etc., "all of the remainder and residue of said property." It would be difficult to conceive of words which could be less ambiguous or more potent to convey title immediately and absolutely from the present owner to another than those here employed. It is noteworthy also that the grantor added no qualification to the title conveyed and retained no control over the estate given to the trustees and remaindermen. In this respect the case at bar is distinguishable from *Daniel* v. *Smith,* 64 Cal. 346 [30 Pac. 575], and *Knight* v. *Tripp,* 121 Cal. 674 [54 Pac. 267], upon which appellant relies.

[2] Appellant objects that in the absence of delivery to the grantees the instrument must be regarded as testamentary in character and cites abundant authority so supporting this position. But delivery of the instrument and of the property conveyed by it took place. In the stipulated statement of facts it is recited that Julia Stebbins delivered possession and control of them to Crookshank and Nealley on the fourth day of August, 1915, which was the day the instrument itself was executed. Crookshank later died

and Nealley, the surviving trustee, retained the property under the deed of Julia Stebbins, the grantor.

While it is not so expressly stipulated, it is clear both from the instrument and the surrounding circumstances that Julia Stebbins intended the delivery to Crookshank and Nealley to complete the transaction and to withdraw from her control forever the property conveyed. This being so, in so far as receiving possession of the instrument of conveyance is concerned, Crookshank and Nealley became the agents of the remaindermen. The grantor might have executed several deeds, one to the trustees and one to each of the remaindermen, in which event each grantee might have received for himself the physical possession of his respective deed; but this was not necessary, and having executed but one instrument the physical delivery of it was logically made to the 'grantees of the immediate particular estate. This deed creates a trust during the life of the grantor; it provides that upon her death the trust is to end and the remainders to take effect in possession. The ownership of the interests in remainder became absolute at once. Their owners could have sold or otherwise exercised dominion over them. The enjoyment was only postponed until the grantor's death. [3] Remainders are an exception to the general rule that one not a party to a deed can take nothing by it. (*Eldridge* v. *See Yup Co.*, 17 Cal. 52; *Montgomery* v. *Sturdivant*, 41 Cal. 292.)

[4] It is claimed that the grant in trust is void because it provides for accumulations in violation of sections 722 to 726 of our Civil Code. It nowhere appears in the agreed statement of fact or elsewhere in the record that there were any accumulations. It may well be that all of the income derived from the property in trust was used to support the trustor. This provision is a severable one, and if there had been accumulations, they could have been separated from the principal and the income and other increase lawfully directed to be expended under the control of the trustees, which it is agreed was used to provide for the grantor during her life. Therefore, the valid provisions of the trust will not be disturbed and an appellate court will not decide a purely moot question concerning the validity of a provision for accumulations where there is nothing to show that any in fact

accrued. In the *Estate of Whitney,* 176 Cal. 12 [167 Pac. 399], cited by appellant, there were accumulations, and the court held that they could not be separated from funds in trust without practically making a new will, and consequently such accumulation remainders were void. These facts are not analogous to those in the instant case.

The judgment is affirmed.

Finlayson, P. J., and Works, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on February 16, 1922.

All the Justices concurred.

Lennon, J., was absent and Richards, J., *pro tem.,* was acting.