ESTES v. ESTES et al. (No. 600—4083.)*

(Commission of Appeals of Texas, Section A. Dec. 20, 1924.)

1. Wills ⬥470—Testator's intention arrived at from consideration of entire will.

Testator's intention must be arrived at from consideration of each and every provision of will.

2. Wills ⬥450—Every provision given effect, if possible.

If possible, every provision of will must be given effect, and construction adopted which will, if possible, bring every provision into harmony with each other and with general purposes of will.

3. Wills ⬥676—Will held to impress income from bequest in hands of life tenant with active trust for remainderman.

Will giving possession and control of property to testator's husband for life, rents therefrom to be used for his support and support and education of son, and vesting title in son subject to such provisions, held to impress income in hands of husband with active trust in son's favor, and to give the son a vested remainder.

4. Wills ⬥674—Will held not to create spendthrift trust.

Where testatrix left life estate to husband, and vested remainder in fee simple to son, and impressed income from property with active trust in son's favor, and there was nothing in will or circumstances indicating testatrix's purpose to guard against improvidence or incapacity of son, no spendthrift trust was created.

5. Execution ⬥33 — Vested remainders are alienable and subject to execution.

Vested remainders may be alienated and sold under execution.

6. Trusts ⬥140(1)—In absence of express terms, trustee takes only interest which purpose of trust requires.

In absence of express terms defining estate conferred on trustee, he takes exactly that quantity of interest which purpose of trust requires.

7. Trusts ⬥140(1)—Trustee's estate not enlarged to fee by implication or presumption.

Quantum of estate taken by trustee is determined by exigencies of trust, and, in absence of proof that fee was necessary to effectuate purpose of trust, trustee's estate will not be enlarged to that by implication or presumption.

8. Trusts ⬥134—Equitable or beneficial title remains in cestui que trust.

Under ordinary trust agreement, equitable or beneficial title remains in cestui que trust.

9. Wills ⬥634(20)—Equitable and legal title vested in remainderman, subject to life estate.

Where testatrix bequeathed life estate in certain property to husband with vested remainder in fee simple to son, and impressed income therefrom in husband's hands with active trust for son, both legal and equitable title to remainder held to be in son, subject to life estate.

10. Trusts ⬥147(1)—When cestui que trust may alienate vested estate stated.

When estate of cestui que trust is vested, and alienation is not forbidden by instrument creating trust, he may sell and dispose of it, provided sale does not destroy trust.

11. Execution ⬥265—Sale of corpus of trust under execution which would destroy trust ineffectual during existence of trust.

Sale of trust property under execution which would destroy trust would be ineffectual during existence of trust, but not void, especially when trust was in respect to income from land bequeathed, and there was no express re-

straint in matter of principal of fund or corpus of estate.

**12. Trusts** ⬦⟳154—**Conveyance by cestui que trust and remainderman to trustee not void, and merged estate in trustee.**

Where testatrix gave husband life estate, subject to trust for son, and vested title in son, conveyance of estate by son to life tenant was not void, and merger of son's interest with right of possession in life tenant gave him title.

**13. Wills** ⬦⟳656—**Restriction on cestui que trust's right to sell held not to affect his conveyance.**

Where testatrix willed life estate to husband in certain property, with vested remainder to son, and impressed with trust in son's favor, but provided that, in case father died, leaving son surviving, property should pass to son, but not to be sold by him until he arrived at age of 30 years, as long as possession was withheld from son there was no necessity for restraint on his right of alienation, and it did not affect validity of conveyance made by son to father.

Error to Court of Civil Appeals of Fifth Supreme Judicial District.

Action by Howell B. Estes against Mrs. Alice Estes and others. Judgment for defendants was affirmed by the Court of Civil Appeals (255 S. W. 649), and plaintiff brings error. Affirmed.

Merritt, Leddy & Merritt, of McKinney, for plaintiff in error.

Smith & Abernathy, of McKinney, and Wm. B. Hamilton, of Dallas, for defendants in error.

GERMAN, P. J. Mrs. Nannie Estes died testate September 14, 1884. Her husband, B. T. Estes, and an only child, Bennie Estes, survived her. Her will was duly probated in Collin county, and the disposition of this case rests upon a proper construction of that will. After constituting her husband, B. T. Estes, executor of the will, without bond, and guardian of Bennie Estaes, without bond, the will provides:

"Third. I desire that the said B. T. Estes as my executor and guardian shall hold possession of and control a certain lot and store house in the town of McKinney, on the north side of the public square (the same bequeathed to me by my father) during the natural life of said husband, B. T. Estes, and that he shall use so much of the rents of said house as he may deem necessary for the support of himself and for the support and education of our said son Bennie Estes, and the payment of insurance and taxes and repairs on said property; and the surplus of said rents, if any there should be, to be invested for the benefit of our said son as said B. T. Estes may deem best.

"Fourth. It is my desire in case the said Bennie Estes should die without issue before the said B. T. Estes shall die that the title to said property shall vest in the said B. T. Estes. and at his death he shall give the same by will to any one or more of my blood relatives as he the said B. T. Estes shall desire and think best at that time.

"Fifth. In case the said B. T. Estes shall die leaving the said Bennie Estes surviving him, it is my desire that said property shall pass to him, if of age, or to his guardian, if he still be a minor, but the said property is not to be sold by said guardian nor by said Bennie Estes until he shall arrive at the age of thirty years.

"Sixth. It is the intention hereby upon my death to vest the title to said property in the said Bennie Estes, subject to the foregoing provisions."

The property mentioned in paragraph third of the will is the property in controversy in this suit.

Under a judgment of justice court precinct No. 1, Collin county, on July 2, 1901, sale of all interest of Bennie Estes in and to the property mentioned was made by the constable, and B. T. Estes, for a valuable consideration, became the purchaser. On July 3, 1901, by general warranty deed Bennie Estes conveyed said house and lot to B. T. Estes for a recited consideration that was valuable. On July 4, 1901, for a recited consideration of $5,000, Bennie Estes executed another general warranty deed to B. T. Estes conveying this house and lot. Also by deed dated December 3, 1901, Bennie Estes again conveyed this property to B. T. Estes.

Bennie Estes was born May 19, 1874, being 10 years of age at the date of his mother's will. He died September 29, 1912, intestate, leaving as his only heir Howell B. Estes, plaintiff in error in this cause. After the death of Nannie Estes, B. T. Estes entered into possession of said house and lot, and received the rents and revenues therefrom up to the time of his death, which was October 31, 1920. It has been found by the trial court that B. T. Estes contributed to Bennie Estes a sum equal to the rents and revenues that the said B. T. Estes received from said property. On February 26, 1913, after the death of Bennie Estes, B. T. Estes conveyed a part of said lot to R. L. Waddell, and by his will bequeathed the balance of the property to Alice Estes, a second wife, who is one of the defendants in error.

This suit was filed July 19, 1921, by Howell B. Estes, as sole heir of Bennie Estes, against Mrs. Alice Estes, individually and as executor of the will of B. T. Estes, and against R. L. Waddell and others. The grounds upon which plaintiff in error sought to recover the property may be stated in one general proposition as follows: That under the will of Nannie Estes the property in controversy was impressed with an active or spendthrift trust, and by reason thereof the interest therein of Bennie Estes was not subject to execution or alienation by him, and therefore the different deeds of conveyance of said property to B. T. Estes were void. The dis-

trict court denied a recovery in favor of plaintiff in error, and the Court of Civil Appeals affirmed the judgment of the district court. 255 S. W. 649.

[1-4] It seems to us that the construction of the will of Nannie Estes, in the light of a few general and familiar rules, presents no difficulty. The intention of the testator is of paramount importance. It must be arrived at from a consideration of each and every provision of the will. If possible, every provision must be given effect, and a construction adopted which will, if possible, bring every provision into harmony with each other and into harmony with the general purpose of the will. Applying these principles, we think it clear that it was the intention of Mrs. Estes to accomplish three distinct purposes: (1) Give to B. T. Estes a life estate in the property mentioned. (2) Give to Bennie Estes a vested remainder in fee simple. (3) Separate the usufructuary interest from the title to the property, and impress the income therefrom in the hands of B. T. Estes with an active trust in favor of Bennie Estes. This is what has been termed by Mr. Pomeroy as an "inferred trust." That there was no spendthrift trust created by this will is, we think, too plain for discussion. Nunn v. Titche-Goettinger Co. (Tex. Com. App.) 245 S. W. 421; 25 R. C. L. pp. 356, 357; Kessner v. Phillips, 189 Mo. 515, 88 S. W. 66, 107 Am. St. Rep. 368, 3 Ann. Cas. 1005; Winslow v. Rutherford, 59 Or. 124, 114 P. 930; Heaton v. Dickson, 153 Mo. App. 312, 133 S. W. 159. There is nothing in the will or the surrounding circumstances at the time of its execution and the death of Mrs. Estes to indicate a purpose on her part to guard against the improvidence or incapacity of Bennie Estes. Her solicitude was for his support and education, and she made provision for that without the necessity of attaching restraint upon the alienation of his vested remainder.

[5] That a vested remainder may be alienated or taken and sold under execution has been definitely settled by our Supreme Court. Caples v. Ward, 107 Tex. 341, 179 S. W. 856. It cannot therefore be seriously contended that the conveyances of Bennie Estes' interest to B. T. Estes were void, unless the fact that the rents and revenues were charged with an active trust brought about such result.

[6-9] It will be observed that, for the purposes of the trust, no title whatever was, by the express terms of the will itself, vested in B. T. Estes. He was by the will given possession and control during his natural life. It is a universal rule that, in the absence of express terms defining the estate conferred upon the trustee, the trustee takes exactly that quantity of interest which the purposes of the trust requires, and no more. 26 R. C. L. § 107, p. 1258; 39 Cyc. 207–212. The quantum of his estate is determined by the exigencies of the trust. In the absence of proof that a fee was necessary to effectuate the purposes of the trust arrangement, his estate would not be enlarged to that by implication or presumption. See Daly v. Bernstein, 6 N. M. 380, 28 P. 764. But in any and every event, under the ordinary trust agreement, the equitable or beneficial title remains in the cestui que trust. So in the present case, whatever the estate in the house and lot held by B. T. Estes, aside from his life estate, it is unquestioned that the equitable title to the same was in Bennie Estes. In the absence of proof as to the quantity of estate, it became necessary for B. T. Estes to take and exercise for the purposes of the trust; we do not think it can be held that he took the legal title. Gibbs v. Barkley (Tex. Com. App.) 242 S. W. 465; Weiss v. Goodhue, 98 Tex. 274, 83 S. W. 178; Kennedy v. Pearson (Tex. Civ. App.) 109 S. W. 280. Under his life estate B. T. Estes had full authority to manage and control the property. There was no proof that it became necessary for him to hold the legal title in order to properly administer the trust, so we think it clear that at the time of the conveyance by Bennie Estes to his father both the legal and equitable title to the remainder was in him, subject, of course, to the father's life estate.

[10, 11] It is also a rule of universal application that, when the estate of the cestui que trust is a vested one, and alienation is not forbidden by the instrument creating the trust, he may sell and dispose of same as he sees fit, provided such sale is not destructive of the trust. 26 R. C. L. p. 1264; 39 Cyc. pp. 234 to 237. In this case we are not required to decide what would have been the effect of a sale under execution, or of a voluntary sale, of Bennie Estes' interest in the corpus of the trust estate resulting in a condition incompatible with the trust. It may be admitted that a sale under execution which had the effect to destroy the trust would be ineffectual during the existence of the trust. That seems to be the extent of the holding in some cases. But this does not by any means require a holding that such sale would be void. Especially is this true when the trust is in respect to the income, and there is no express restraint in the matter of the principal of the fund or corpus of the estate. In such case (and this one falls in that class) a voluntary assignment by the beneficiary of his interest in the corpus of the trust estate would most certainly not be void. At the most it could only be held as not taking effect until the termination of the trust. Monday v. Vance, 92 Tex. 428, 49 S. W. 516; Russell v. Meyers, 202 Ky. 593, 260 S. W. 377; In re Hall's Estate, 248 Pa. 218, 93 A. 944, 2 A. L. R. 855; Whitney v. McNealley, 55 Cal. App. 718, 204 P. 235.

In principle, the case of Monday v. Vance,

supra, is decisive of the present case. In that case the Supreme Court determined the effect of a conveyance by Rice and wife to Vance, trustee. It was in the nature of an absolute conveyance of certain real estate to Vance, with the condition that the same was "to be by him held, managed, and controlled for the purpose of making the same produce all the income, rents, and profits possible, and to use all the incomes, rents, and profits of said property received by him after paying taxes and other necessary expenses in furnishing to said Mary F. Rice and her children a support and maintenance and the education of her children." After the execution and delivery of this conveyance Rice and wife sold the property to Monday, and one of the questions which the Supreme Court was required to decide was whether or not the deed to Monday was void. Upon this question the court say:

"It follows therefore, we think, that the effect of the first deed was merely to carve out of the estate in the property the usufructuary interest for the support of the wife and the maintenance and education of her children, and to leave what remained unaffected by the conveyance. That reserved or remaining estate could be conveyed by the joint deed of the husband and wife. We therefore answer that the deed of Rice and wife to Robert and Newton Monday was not void."

. After a discussion of terms of the trust the court concludes that to permit a present alienation of the trust property would be destructive of the trust, and holds that "Vance, the trustee, is entitled to the possession and control of the property to the end that he may execute the purposes of his trust." The trial court had canceled the deed to Monday, but the Court of Civil Appeals, following the holding of the Supreme Court, set aside this part of the judgment of the district court. 51 S. W. 350.

[12] By Mrs. Estes' will we think it clear that she carved out of the estate in the property the usufructuary interest, which was made subject to the trust, and vested title to the estate remaining in Bennie Estes. The principle of the case cited is exactly the same as if she had retained this estate herself. Therefore the conveyances by Bennie Estes to his father were not void. They conveyed his interest, which was one vested in right, but not to take effect in possession until the death of his father, or until he

reached 30 years of age. The merger of this interest with the right of possession in B. T. Estes gave him a perfect title, in the light of the circumstances which show that, instead of being destructive of the trust, it was in furtherance of same and aided in effectuating its purposes. It is plain from the circumstances that B. T. Estes bought the property at the execution sale in order to preserve the estate and be in position to administer the trust unmolested. The trial court found that he did do so by contributing to Bennie Estes an amount equal to all rents and revenues derived from the property. His possession and control of the property, both for himself and for the administration of the trust, was thus aided rather than interfered with.

[13] It remains for us to briefly notice paragraph 5 of the will. That paragraph clearly evidences the intention of Mrs. Estes to have the possession of the property pass to Bennie Estes upon the death of B. T. Estes, thus bringing together the vested title and the right of possession. In that event the property was not to be sold until Bennie Estes arrived at the age of 30 years. Without the possession and control of the property he could not interfere with the arrangement made by his mother for his support and education. Therefore, as long as the possession was withheld from him, there was no necessity for restraint upon his right of alienation of the vested estate. It is therefore perfectly clear that this restriction upon the right to sell was intended to protect and preserve the income for the purposes of the trust arrangement, and, under the circumstances, in no manner affected the validity of the conveyances made by Bennie Estes to his father.

To adopt the construction of the will insisted upon by counsel for plaintiff in error would have the effect to practically annul the sixth paragraph of the will. To adopt the one we have here set forth harmonizes and gives effect to each and every provision of the will.

We recommend that the judgment of the district court and of the Court of Civil Appeals be in all things affirmed.

CURETON, C. J. The judgment recommended in the report of the Commission of Appeals is adopted, and will be entered as the judgment of the Supreme Court.