**Virginia Nixon ROGERS et vir, Appellants,**

**v.**

**Tony NIXON et al., Appellees.**

**No. 12779.**

Court of Civil Appeals of Texas.

San Antonio.

Jan. 12, 1955.

Rehearing Denied Feb. 9, 1955.

Carl Wright Johnson, Alfred Offer, San Antonio, Alfred N. Steinle, Jourdanton, for appellants.

Moursund, Ball, Bergstrom & Barrow, San Antonio, Frank Steinle, Jourdanton, for appellees.

NORVELL, Justice.

The controlling question presented by this appeal is whether S. H. Nixon took a determinable fee or a life estate only, under the last will and testament of his wife, Lucy Nixon. The pertinent provisions of the will involved read as follows:

"I give all my property, both real and personal, to my husband, S. H. Nixon, to use, manage, sell and dispose of as he may see fit and proper just as long as he remains unmarried, and in case of his marriage after my death, then such property as remains on hand shall go to my children share and share alike, and if any of my children have died and left children, then such shall take their parents share."

The appellant Virginia Nixon Rogers brought this suit to construe the will and contends that S. H. Nixon took a life estate only. From her petition the following appears:

The property involved was the interest of the testatrix in the community estate held by her and her husband, S. H. Nixon. Lucy Nixon executed the will on January 10, 1927, and died on March 27, 1944, leaving three surviving children, namely, Tony Nixon, Frances Nixon Yarborough and Jake Nixon. Jake Nixon died March 17, 1947, leaving as his only child and heir a daughter, Virginia Nixon Rogers, the appellant herein. On August 10, 1948, S. H. Nixon executed a will and two warranty deeds. The deeds purported to convey a fee-simple title in and to certain real properties to his children, Tony Nixon and Frances Nixon Yarborough, subject to a life estate retained by the grantor. Tony Nixon and Frances Nixon Yarborough were likewise named as the sole beneficiaries under the will of S. H. Nixon, subject to specific bequests of one dollar each to appellant, Virginia Nixon Rogers and three others. S. H. Nixon did not remarry after the death of his wife, Lucy Nixon, and died on January 2, 1952.

Appellees filed special exceptions to the petition based upon the theory that the allegations of the petition disclosed that S. H. Nixon took a determinable fee under the will of his wife, Lucy Nixon. This view was adopted by the court; the special exceptions were sustained and, after a refusal to amend the petition, the suit was dismissed.

We have come to the conclusion that the trial judge was correct in his construction of the will. The controlling paragraph contained in Lucy Nixon's will may be divided into three clauses, which we may refer to as the devising clause, the use clause and the limitation clause, as follows:

First: "I give all my property, both real and personal, to my husband, S. H. Nixon," (The devising clause.)

Second: "To use, manage, sell and dispose of as he may see fit and proper just as long as he remains unmarried," (The use clause.)

Third: "In case of his marriage after my death, then such property as remains on hand shall go to my children share and share alike, and if any of my children have died and left children, then such shall take their parents share." (The limitation clause.)

The first clause standing alone would undoubtedly pass a fee-simple title to S. H. Nixon under the express term of Article 1291, Vernon's Ann.Tex.Stats. The effect of the statute was to supersede the common-law rule of construction and substitute the modern statutory rule, "that a devise of lands should be construed to convey the entire estate of the testator in such lands, as far as he can lawfully dispose of the same, unless it clearly appears from the will that the testator meant to dispose of a smaller interest." The statute "reverses the common law rule" and favors a construction which gives a fee to the first taker. Page on Wills, Lifetime Edition, § 1091.

The third clause undoubtedly operates as a limitation. The estate is reduced from a fee simple to a fee determinable. The limitation becomes operative, "in case of his marriage after my death." While this clause operates to limit the fee, it does not create a life estate. From the wording contained in the third clause of the will, it cannot be said that it was the intention of testatrix that the estate of S. H. Nixon in and to the property devised to him should be limited to the period of his natural life.

If such limitation is to be found in the will, it is contained in the second clause relating to the use of the property. This clause, however, does not provide that S. H. Nixon shall have or hold the property "for his natural life", "as long as he shall live", "as long as he shall remain a widower" or "as long as he shall remain unmarried." The clause provides that he may "use, manage, sell and dispose of (the property) as he may see fit and proper just as long as he remains unmarried." A testamentary direction as to the general use of property, similar to that embodied in the present will, is probably more appropriate to a life estate than to a fee simple. At least it seems that such clauses are, as the more usual thing, employed in connection with life estates, perhaps for the reason that provisions as to use are unnecessary in connection with a fee simple estate. In this case, however, a broad and general use clause seems entirely consistent with the wording relating to the determinable fee. It has furthermore been held that provision for a general use will not prevent the passing of a fee. In Young's Guardian v. Shaver's Executrix, 186 Ky. 608, 217 S.W. 902, 903, the Kentucky Court of Appeals held that a gift by a testator to his wife of all the remainder of his property " 'for her use and benefit' " passed a fee-simple title and the phrase relating to a use did not reduce the estate. Other illustrative cases holding to the same effect were quoted in the opinion.

In Pfeifer v. Wright, 34 F.2d 690, 691, the United States District Court for the Northern District of Oklahoma considered the provision of a will reading as follows:

" 'And I give and bequeath to my wife, Rosa B. Wright the balance of my property both real and personal to be used by her so long as she lives and enjoys the same.' "

The Court held that the will did not expressly limit the estate to one for life, as clear and explicit language to that effect was not employed. The court said,

"The bequest to the widow of the residue of the estate is clear and direct except that there is added, 'to be used by her so long as she lives and enjoys the same.' It is to be observed that no disposition is made of the estate after the widow ceases to live and enjoy the estate, tending to show that the testator intended that no further directions were needed, as he had made a final and complete disposition of all of his property."

It has also been held that the use of the phrases, "use and enjoyment" and "use and benefit" are not generally employed as words of limitation upon the estate given. Medlin v. Medlin, Tex.Civ.App., 203 S.W. 2d 635, 639. This is true of a life estate and should likewise be true of a determinable fee.

It seems to be generally held that where there is an ambiguity as to a limitation attempted or doubt as to its application, the larger estate will vest. Frame v. Whitaker, 120 Tex. 53, 36 S.W.2d 149; 10 Tex. Law Review 250.

We rely primarily upon two rules of construction in concluding that the use clause can not by itself or in connection with other portions of the will operate to reduce the estate devised to a mere life estate. The first rule is stated in Darragh v. Barmore, Tex.Com.App., 242 S.W 714, 716, as follows:

"Where * * * there is a provision that upon a certain contingency the estate given shall pass to another, the law favors the first taker and will construe the words of the will to grant to the first taker the greatest estate which

they, by a fair construction in harmony with the will as a whole, are capable of passing."

■ The second rule is that as it is presumed the testator desired to make a full disposition of his estate, a will should be construed to prevent partial intestacy, if such construction is reasonably compatible with the words employed by the testator. Briggs v. Peebles, 144 Tex. 47, 188 S.W.2d 147; 44 Tex.Jur. 707, Wills, § 148.

If the will be construed as to vest a life estate only in S. H. Nixon, the rule favoring the first taker would be violated, and it would also necessarily follow that Lucy Nixon made no testamentary disposition as to a portion of her property. The will specifically states the disposition to be made "in case of his (S. H. Nixon's) marriage after my death," but contains no provision as to the disposition of the property upon the death of S. H. Nixon. As above indicated, we do not regard cases involving devises to a surviving spouse "so long as he shall remain a widower," or "shall remain unmarried," and the like as being in point. There are numerous cases holding a devise of this kind passes a life estate only. 19 Am.Jur. 494, Estates, § 35. The basis for such holdings is set forth in the North Carolina case, In re Brooks' Will [Appeal of Edwards], 125 N.C. 136, 34 S.E. 265, 266, wherein the Court said:

"The language of the will clearly shows that the intention of the testator was to limit the estate of the widow to a life interest. A time was fixed beyond which that interest could not extend. She was 'to have and possess the property as long as she remains my widow.' Her death terminated, of course, her widowhood, and with the ending of that condition ended also the estate of the widow."

■ However, in this case, the will gave the property to the husband absolutely with a later provision nullifying the gift in the event of a remarriage which never occurred. He took a determinable fee, 122 A.L.R. 75, and was authorized to dispose of it by deed or will as he saw fit, subject to the possibility of defeasance, which possibility no longer exists.

In Foote v. Foote, Tex.Civ.App., 76 S.W. 2d 194, 198, wr. ref., this Court considered a will containing a gift of all the property of the testator to his wife, coupled with the proviso that, " 'this will to become null and void in case she should remarry.' " It was held that, "The will having made a devise of the property to the testator's wife and having provided that the estate so devised should cease upon her subsequent marriage, she took an estate in fee, defeasible, however, in the event she should marry again, * * *."

In Haring v. Shelton, 103 Tex. 10, 122 S.W. 13, 14, the Supreme Court, in deciding that a determinable fee rather than a life estate passed under a will, said:

"The will of W. M. Shelton contained the following provisions: 'I give and devise unto my beloved wife, C. C. Shelton, her heirs and assigns for ever, the following described tracts of land.' Then follows the description of the tracts of land in that paragraph of the will and in the succeeding paragraph. After the description of the property, we read in the will: 'It is my will that my said wife, C. C. Shelton, and her heirs, shall hold said lands in fee simple forever, or so long as she shall remain a widow.' The language first quoted was sufficient to vest in Mrs. C. C. Shelton the title in fee simple to the interest of the testator in the land and did so vest that title in her; but, by the language which was used in the succeeding paragraph of the will, the estate was qualified and converted into a fee-simple estate determinable upon a future contingency; that is, upon the second marriage of Mrs C. C. Shelton. 'The intention of the testator is the first and great object of inquiry in the construction of wills, and it must govern, provided it be not inconsistent with the rules of law.' Laval v. Staf-

fel, 64 Tex. [370] 372. It is evident that Shelton did not intend to give to his wife the lands in question, free of the claims of anyone in the future, but it was his purpose that his widow should have the property as her own, subject to the condition that she should remain a widow."

We recognize that the particular wording of each testamentary instrument involved must be consulted in arriving at a proper construction and that the provisions of the wills considered in the two cases immediately above cited are not identical with those involved in the present suit. However, the opinions referred to demonstrate that all estates terminable upon marriage are not life estates and present instances of gifts of a fee title determinable upon a subsequent marriage.

For the reasons stated, the judgment of the trial court is affirmed.