PYTHIAN HOME FOR ORPHANS AT WEATHERFORD, TEXAS, Appellant,

v.

Donald Kent BARROW et al., Appellees.
No. 7048.

Court of Civil Appeals of Texas.

Amarillo.

April 24, 1961.

Rehearing Denied May 22, 1961.

Campbell, Brock, Wright & Waters, Crenshaw, Dupree & Milam, Evans, Pharr, Trout & Jones, Lubbock, for appellant.

Key, Carr, Carr & Clark, Lubbock, for appellees.

CHAPMAN, Justice.

The controlling question presented by this appeal is whether Allegra Hill Jones took a determinable fee under the Last Will and Testament of her deceased husband, Allen M. Jones, or if the instrument left her a determinable life estate only. The paragraph most pertinent to the construction of the will reads as follows:

> "After the payment of my just debts, funeral expenses and taxes, I give, devise and bequeath unto my wife, Allegra Hill Jones, so long as she remains single, and does not live with some other man, nor encumber the property, all the property which I may own at the time of my death. If my wife should remarry, or should live with another man or attempt to encumber the property, within twenty (20) years after my death, then title to my property will pass to and vest in the Pythian Home for Orphans at Weatherford, Texas, their successors or assigns."

. . Appellant, Pythian Home for Orphans at Weatherford, Texas, hereinafter called . Pythian, instituted this suit in the nature of a .trespass to try title, the disposition of

which required an interpretation of the will of Allen M. Jones. Pythian, the First National Bank of Atlanta, Georgia, the devisees and legatees under the will of Ebba J. Cockrell, and Anseth (Jones) Childs, a widow, are appellants herein. The Atlanta Bank is executor of the estate of Ebba J. Cockrell, a sister of Allen M. Jones, deceased. She, Anseth (Jones) Childs, a niece of Allen M. Jones, and Allegra Hill Jones were the only surviving heirs-at-law of testator. Appellees are Donald Kent Barrow, a surviving son of Allegra Hill Jones and the sole beneficiary under the will; Sam Barrow; his wife, Nadine H. Barrow; Lorenz V. Ellis, executor of the estate of Allen M. Jones; and Lubbock National Bank, executor of the estate of Allegra Hill Jones, deceased. The devisees and legatees under the will of Ebba J. Cockrell, deceased, are Thomas P. Newcomb, Elsie McBrayer, Betsy Ebba Newcomb and Susan Villualah McDaniel, all residents of Fulton County, Georgia. Ebba J. Cockrell's husband preceded her in death. At the time of the filing of the original suit herein she was a feme sole. After her death a suggestion of Death of Parties was filed.

It was stipulated by the parties that Donald Kent Barrow was the legal adopted son of Mr. and Mrs. Sam Barrow and the natural son of Allegra Hill Jones; that the real property, if it belonged to Allen M. Jones at the time of his death, was his separate property. The record is silent as to the reason for the clause "and if it belonged to Allen M. Jones at the time of his death" included in the stipulation just related. The sole question before us seems to be the proper construction to be placed on the above quoted paragraph of the will of Allen M. Jones, deceased, and particularly the first clause thereof, as we shall hereinafter demonstrate.

In Renner et al. v. German, Tex.Civ.App., 207 S.W.2d 671, wr. ref., this court has heretofore observed that the language of a will under construction rarely ever contains the exact same language as other wills that have been construed and reported in other cases and hence each will is usually an instrument unto itself. The will here under construction is no exception to that rule so we must adhere to the general rules of construction heretofore well established by adjudicated cases unless it clearly appears that a different meaning was intended by the testator in the language used. Some of these general rules that have been well established by adjudicated cases are:

(1) "Where, as in this case, there is a provision that upon a certain contingency the estate given shall pass to another, the law favors the first taker and will construe the words of the will to grant the first taker the greatest estate which they, by a fair construction in harmony with the will as a whole, are capable of passing." Darragh v. Barmore, Tex.Com.App., 242 S.W. 714, 716; Renner et al. v. German, supra.

(2) "It is elementary that if it does not clearly appear from the language of the will that a less estate was intended to be created the devise will be deemed to be in fee simple." Pritchett v. Badgett, Tex.Civ.App., 257 S.W.2d 776, 777 (wr. ref.).

(3) "The rule that every part of a will must be given effect, if possible, is subordinate to the rule that a devise shall be deemed a fee simple, unless limited by express words." Winfree v. Winfree, Tex.Civ.App., 139 S.W. 36, 37 (wr. ref.).

(4) "The rule obtains in this State that where a person makes a will the general presumption prevails that the testator intended to dispose of all of his property, and there is no presumption that the testator intended to die intestate * * * if the words * * * in [his] will may carry the whole of his property." Briggs v. Peebles, 144 Tex. 47, 188 S.W.2d 147, 150.

In addition to the above general rules of construction of a will by which

we must be guided we must in this state give consideration to the fact that the common law rule to the effect that a will must make it clear that a fee title is given before it can be so construed does not prevail in Texas. That rule has been changed by Art. 1291, Vernon's Ann.Tex.Civ.St., which provides:

"Every estate in lands which shall thereafter [hereafter] be granted, conveyed or devised to one although other words heretofore necessary at common law to transfer an estate in fee simple be not added, shall be deemed a fee simple, if a less estate be not limited by express words or do not appear to have been granted, conveyed or devised by construction or operation of law."

Though we have two separate clauses in the paragraph quoted with slightly different provisions the second clause is simply one providing for a remainderman and becomes important only in the event the first clause grants a determinable life estate only. We do not believe the second clause throws any light on the first for the reason that it is just as consistent with the granting of a fee to his wife determinable upon the happening of one of the contingencies, as it is with the granting of a life estate likewise determinable upon violation of any of the conditions in the second clause within twenty (20) years of testator's death. Therefore, we believe it is incumbent upon us to interpret the first clause principally upon the wording therein and the rules of law applicable.

Under Art. 1291 the wording of the first clause did not require such expressions as "fee simple", "heirs", "forever", "successors or assigns" and other such expressions used at common law when granting absolute title. "The statute 'reverses the common law rule' and favors a construction which gives a fee to the first taker." Rogers v. Nixon, Tex.Civ.App., 275 S.W.2d 197, 198 (wr. ref.).

The clause interpreted in the case just cited seems to be to us nearer the wording of our own than any case cited or any we have found. That will gave to testator's husband "just as long as he remains unmarried," while ours gave to his wife "so long as she remains single, and does not live with some other man and encumber the property." The court there held the surviving husband took a determinable fee, subject to the possibility of defeasance, which possibility never materialized. Justice Norvell then a member of the San Antonio Court of Civil Appeals also cited for authority Foote v. Foote, 76 S.W.2d 194, 198 (wr. ref.) and Haring v. Shelton, 103 Tex. 10, 122 S.W. 13, 14 by the Sup.Ct. In the former the will provides: "This will to become null and void in case she should remarry". The court held "she took an estate in fee, defeasible, however, in the event she should marry again * * *." In the latter, viz. Haring v. Shelton, the testator gave to his wife, her heirs and assigns forever. He then provided she and her heirs should hold the lands in fee simple forever, and so long as she shall remain a widow. The court held the testator intended his widow should have the property as her own, subject to the conditions that she should remain a widow.

Art. 1291 provides in effect that every estate granted in lands shall be deemed to be a fee simple unless the instrument by express words indicates a less estate or a less estate does not appear to have been granted, conveyed or devised by construction or operation of law.

To hold here that Allen M. Jones gave his wife a determinable life estate only would require us to ignore the presumption that the testator decided to make a full disposition of his estate and that a will should be construed to prevent partial intestacy. Briggs v. Peebles, supra.

To interpret the will as providing only a determinable life estate we would also have to ignore rule "(1)" above and the

pronouncements of the cases there cited to the effect that "The law favors the first taker and will construe the words of the will to grant the first taker the greatest estate which they, by a fair construction in harmony with the will as a whole, are capable of passing." To hold the will provided testator's surviving wife only a determinable life estate we would also have to ignore the rules quoted in "(2)" and "(3)" above to the effect that unless it *clearly* appears from the language of the will that a less estate was intended to be created the devise will be deemed to be in fee simple" and "a devise shall be deemed a fee simple. unless limited by express words." (Emphasis added.)

We are not unmindful of Justice Norvell's statement in Rogers v. Nixon, supra as follows [275 S.W.2d 200]: " * * * we do not regard cases involving devises to a surviving spouse, 'so long as he shall remain a widower,' or 'shall remain unmarried,' and the like as being in point. There are numerous cases holding a devise of this kind passes a life estate only. 19 Am. Jur. 494, Estates, § 35." Frankly, we are not completely certain what was intended by the statement just made nor do we deem it necessary to interpret it. The fact remains that the court held the will to leave a determinable fee, subject to the possibility of defeasance and quoted from two other cases[1] with very similar clauses to that in the principal case and in the case at bar which held the wills devised estates in fee, divisible in the event of the marriage of the survivor. Additionally, we have carefully reviewed the Am.Jur. citation in Justice Norvell's opinion and have determined the cases decided in the statement made with respect to a devise of this kind passing a life estate only are cases from other jurisdictions. Not a single Texas case was cited under the statement. One of the notes referred to in the Am.Jur. citation also says: "Some jurisdictions seem to have reached the conclusion that a devise with

limitation over in case of the devisee's marriage, gives a determinable or qualified fee in the absence of language plainly. limiting the estate to one for life", citing many cases. Ann.Cas.1915B, page 1239.

 The record is without contradiction in the failure of Pythian to show a breach of any of the conditions within twenty (20) years that could have given them, in any event, an interest in the property, so clearly their appeal is without merit. Under the rules heretofore announced we hold the will in question left to the surviving widow, Allegra Hill Jones, a determinable fee, defeasible in the event of marriage of the survivor or of her living with another man. The third of the three conditions may be void but it is unnecessary in our disposition of the case to pass on that question. The judgment of the trial court is affirmed.

---

1. Foote v. Foote, Tex.Civ.App., 76 S.W.2d 194, 198 (wr. ref.); Haring v. Shelton, 103 Tex. 10, 122 S.W. 13, 14.