Vernon P. WILLIAMS et al., Appellants,

v.

Joy Elsie THOMPSON et al., Appellees.

No. 14294.

Court of Civil Appeals of Texas.

Houston.

Feb. 13, 1964.

Rehearing Denied Feb. 27, 1964.

Peareson, Scherer & Roberts, Richmond, Eplen, Daniel & Dickson, J. Neil Daniel, Abilene, for appellants.

Goff & Koonce, Robert C. Koonce, Angleton, for appellees.

COLEMAN, Justice.

This is an appeal from a summary judgment. Both appellants and appellees filed motions for summary judgment and concede that there were no issues of fact to be determined in the trial court.

Appellees instituted this suit as an action to remove cloud from their title to certain mineral interests in 25.68 acres of land in Fort Bend County. The principal question to be determined is the validity of a deed executed by Lee Wright conveying the mineral interest in question to H. G. Williams under whom appellants claim. The validity of this deed depends on the construction to be placed on the will of J. E. Wright. It is not questioned but that at the time of his death J. E. Wright owned the minerals involved in this suit.

On the 27th day of September, 1922, the will of J. E. Wright was admitted to probate by order of the County Court of Brazoria County, Texas. This will, omitting formalities, reads as follows:

"Know all men by these presents: That I, J. E. Wright of the County of Brazoria and State of Texas, being of sound mind and disposing memory do make this my last will and testament as follows:

"I do give, will, and bequeath unto my brother R. L. Wright, all of my real estate, mortgages, notes, and all written obligations of every kind and description whatsoever.

"And all money now on deposit in the Citizens State Bank of Alvin, Texas or in any other bank, or in possession of any person together with all interest and rent accruing on said property and all personal property of every kind now owned by me, for the use and support of my said brother and family in the manner following to wit: to be paid to him at the rate of from $15.00 to $20.00 per month as seems to be necessary for his support and comfort according to the Judgment of my Trustee and Executor W. W. Ware whom I hereby nominate and appoint as Trustee and Executor, with authority to execute and carry into execution the terms of this my will.

"And I authorize him to take personal possession and charge of all of my Estate, collect all interest and rents accruing. Pay all my taxes accruing

on said property and provide for the support of my said brother in the manner herein provided.

"And I desire that this will shall be left in the Citizens State Bank of Alvin, Texas and by said bank held in escrow until the time of my death, when said bank shall deliver the same to said W. W. Ware. But said will shall at all times prior to my death be subject to my disposition and revocation.

"In Witness Whereof I have this 3rd day of October, 1916 signed this will in presence of H. Grass and Jesse Hobbs."

By general warranty deed, acknowledged November 24, 1930, and filed for record in the Deed Records of Fort Bend County, Texas, on February 25, 1931, Lee Wright conveyed the mineral interest in question to H. G. Williams. It is conceded that R. L. Wright was also known as Lee Wright. It is conceded that appellants own whatever title H. G. Williams thereby acquired, subject to an outstanding oil and gas lease subsequently executed.

The trial court granted appellees' motion for summary judgment, and denied that of appellants. Appellees contend that this was proper for the reason that the will of J. E. Wright, properly construed, created an active trust, of which W. W. Ware was trustee, which could not have terminated prior to the death of R. L. Wright. It is their contention that because title to the minerals rested in the trustee at the time R. L. Wright executed the deed to H. G. Williams, this deed was void.

■■■■ There is a presumption of law that J. E. Wright desired to make a full disposition of his estate, and his will must be construed to prevent partial intestacy if such construction is reasonably compatible with the words he used in writing his will. His intention must be given effect if it can be ascertained from the will itself. Briggs v. Peebles, 144 Tex. 47, 188 S.W.2d 147. If, however, the will is ambiguous, or is subject to more than one construction, that construction which will prevent intestacy should be adopted by the court. Ferguson v. Ferguson, 121 Tex. 119, 45 S.W.2d 1096. However, the primary rule of construction is to give effect to the intention of the testator ascertained by a consideration of all of the provisions of the will. McMurray v. Stanley, 69 Tex. 227, 6 S.W. 412; Calvery v. Calvery, 122 Tex. 204, 55 S.W.2d 527.

It seems clear that the primary intention of J. E. Wright was to provide a monthly income for life for his brother. It is equally clear that W. W. Ware was to be the trustee of a trust estate created by the will. This estate consisted of "all of my money, together with all interest and rent accruing on all of my property." The trust estate was created for the purpose of creating a fund "for the use and support of my said brother and family." Ownership of the real estate, mortgages, notes, and all written obligation, was vested in R. L. Wright, but possession of all of the property was to remain with the trustee to make effective his right to the interest and rents. This is suggested by the specific language of the will and the fact that no remainderman was named. This view is further supported by the fact that the trustee is not given the authority to sell or reinvest the trust property by the terms of the will.

It is not essential to the purposes and continuance of the trust that legal title to the real estate be vested in the trustee. Estes v. Estes, Tex.Com.App., 267 S.W. 709. The will does not purport to vest title in him. We are not advised as to the amount of money in the estate or the amount of interest and rentals which the trustee might be expected to collect. While the will provides a minimum monthly support payment, it also provides that it be paid from the money on hand, interest and rents. There is no necessity that the will be construed so as to place title in the trustee since the trustee would not be authorized to sell the assets in any event.

Kennedy v. Pearson, Tex.C.C.A., 109 S.W. 280, writ ref. Legal title would not be essential to the proper management of the trust consistent with the powers and duties of the trustee.

The fact that the trustee was directed to take possession of the property and to collect the rents and revenues thereof for the entire lifetime of the donee will defeat neither the estate vested in the donee nor the trust created by the will. In McClelland v. Rose, 5 Cir., 208 F. 503, the court said:

"There is no reason in the recognized nature of property and in the owner's right of disposition why a testator 'who gives without any pecuniary return, who gets nothing of property value from the donee, may not attach to that gift the incident of continued use, of uninterrupted benefit of the gift, during the life of the donee. Why a parent, or one who loves another, and wishes to use his own property in securing the object of his affection, as far as property can do it, from the ills of life, the vicissitudes of fortune, and even his own improvidence or incapacity for self-protection, should not be permitted to do so, is not readily perceived.' Nichols, Assignee, v. Eaton et al., 91 U.S. 716, 727 (23 L.Ed. 254); Wallace v. Campbell, 53 Tex. 229. We see nothing in the language of the codicil continuing the trust for the life of the plaintiff which deprives him of any estate conferred on him by the will or by law, * * *."

A will similar in many respects was considered in Houston Land and Trust Co. v. Campbell, Tex.Civ.App., 105 S.W.2d 430, writ ref., where the court said:

"The very first bequest is a gift to the city of Houston of 'all my property, real and personal, that I own at my death.' So far, therefore, as the corpus of the estate was concerned, this gift was absolute. As far as the testator could by his will do so, he put title in the city of Houston. Then in express words he subjected 'the income thereof' to certain payments as thereinafter 'expressed and directed.' * * *

"Strongly indicative of the testator's intention, too, are his bequeathing title directly to the city, and limiting the authority of his executors and trustees to the power of 'possession, management and control' and payment of the income during the lives of the two legatees. He gave his executor and trustee no power to sell or encumber the whole or any part of the estate."

Where property was bequeathed to a trustee to be held by him for the support of testator's daughters, it was held that "the real title has vested at all times since the testator's death in said two daughters." McMullen v. Sims, Tex.Com.App., 37 S.W. 2d 141.

In McClelland v. McClelland, Tex.Civ. App., 37 S.W. 350, the Court of Civil Appeals of Texas construed the same will as that later construed in McClelland v. Rose, supra, and found that it was the intention of the testator to give his son only a life estate in his property with a remainder over to the testator's heirs at law, and that the life estate was held by trustees in a spendthrift trust. That instrument is distinguishable from that under consideration by the fact that the testator had used words evidencing his intention to provide for the support of his son and also his intention that the property descend to testator's heirs at law at the death of his son.

There is nothing in this instrument evidencing an intention that on the death of the testator's brother the property should go to the testator's heirs rather than the heirs of his brother. There was, indeed, no reason for the insertion of such a clause since the heirs at law of the brother were also the only heirs at law of the testator.

■ In any event it is clear that the equitable title to the property in question was vested in R. L. Wright at all times.

Rust v. Rust, Tex.Civ.App., 211 S.W.2d 262, aff'd 147 Tex. 181, 214 S.W.2d 462; Schmidt v. Schmidt, Tex.Civ.App., 261 S.W.2d 892, error ref. The deed conveying the property to Williams was not void. Estes v. Estes, supra. The provision in the will that a specified monthly sum be paid the beneficiary for his support for life, together with the absence of provisions for the sale of the land, might be considered evidence of an intention to create a spendthrift trust, but the absence of any expressed intention to preserve the corpus of the estate for remaindermen militates against such a construction.

It is our opinion that in the second dispositive paragraph of the Will, the first sentence should begin: "And I give to W. W. Ware, Trustee, all money," etc. This wording will make clear the intention of the testator as gathered from the entire instrument. The testator carved out of his estate in the property the usufructuary interest, which was made subject to the trust, and vested title to the estate in R. L. Wright. Estes v. Estes, supra.

It appears from the exhibits that the wife of R. L. Wright was deceased, and that all of his children were either above the age of twenty-one, married, or deceased in 1944 when the administration of the estate of R. L. Wright was closed. The words used in expressing the purpose of the trust "for the use and support of my said brother and family in the manner following to wit: " * * * were qualified by a specific direction to the trustee to pay the amount determined to be needed to "him." The trust terminated on the death of R. L. Wright since the purpose of the trust was to provide for his support during his lifetime. There was nothing in the will indicating a necessity or desire on the part of the testator to continue the trust beyond his brother's lifetime for the protection of his family, particularly since at the death of the brother ownership of the property remaining descended to his heirs. Randall v. Estes, Tex.Civ.App., 218 S.W.2d 338, ref. n. r. e.;

Rogers v. Nixon, Tex.Civ.App., 275 S.W.2d 197, ref.

The trial court erred in granting appellees' motion for summary judgment. Since it is conceded that there is no question of fact to be determined by the trial court, the judgment of the trial court is reversed and the cause remanded with instructions to the trial court to grant appellants' motion for summary judgment.

Reversed and remanded with instructions.