**Ann Ingrum FAWCETT, Appellant,**

v.

**Robert P. INGRUM, Jr., Individually and as Independent Executor of the Estate of Robert P. Ingrum, Sr., Appellee.**

No. 12404.

Court of Civil Appeals of Texas, Austin.

March 24, 1976.

Rehearing Denied April 14, 1976.

---

1. Rule 165a was amended effective January 1, 1976. The phrase "or docket call" was deleted in the quoted sentence.

Elwood Cluck, Peter M. Wolverton, Cluck, Austin & Johnson, San Antonio, for appellant.

John T. Anderson, Graves, Dougherty, Hearon, Moody & Garwood, Austin, for appellee.

PHILLIPS, Chief Justice.

This is a declaratory judgment suit which was brought by appellant, Ann Ingrum Fawcett, seeking a determination of certain questions involving construction and interpretation of the wills of Addiebel Ingrum and Robert P. Ingrum, Sr., and additional questions relating to the administration of the estate of Robert P. Ingrum, Sr.

The district court granted summary judgment to appellee, Robert P. Ingrum, Jr., ruling that: there was no genuine issue of material fact involved in the construction of Article II of the will of Robert P. Ingrum, Sr.; and, that Article II of the will of Robert P. Ingrum, Sr., disposed of all of his interest in the Addiebel Allen Ingrum Ranch, regardless of whether such interests were interests in realty or personalty and regardless of whether such interests were legal or equitable in nature. We affirm this judgment.

Addiebel Ingrum died testate on July 11, 1970. She was survived by two sons and four grandchildren, namely, her son Allen Ingrum and his children, Raquet Box and John Ingrum, and her son Robert P. Ing-

rum, Sr., and his children, Ann Ingrum Fawcett, who is appellant herein, and Robert P. Ingrum, Jr., appellee herein.

The principal asset of the estate of Addiebel Ingrum is a 4,589-acre ranch located six miles west of Uvalde in Uvalde County, Texas. Addiebel Ingrum devised this ranch to her son, Allen Ingrum, as trustee of a testamentary trust established by Article III of her will. The trustee was instructed to hold the ranch intact for at least ten years after Addiebel Ingrum's death and thereafter was given authority to sell the ranch at his discretion and distribute the proceeds equally among the six beneficiaries of the trust, namely Allen Ingrum, John Ingrum, Raquet Box, Robert P. Ingrum, Sr., Robert P. Ingrum, Jr. (appellee), and Ann Ingrum Fawcett (appellant).

Allen Ingrum, as executor and trustee of the Addiebel Ingrum estate, has heretofore sought and obtained a declaratory judgment authorizing the sale of the ranch, notwithstanding the ten-year provision against alienation contained in Article III of Addiebel Ingrum's will. See *Ingrum v. Ingrum*, 520 S.W.2d 535 (Tex.Civ.App.1975, writ ref. n. r. e.). However, the ranch had not sold at the time of the summary judgment proceeding.

While the aforesaid litigation was pending, Robert P. Ingrum, Sr., died on April 22, 1973, leaving a will dated September 25, 1972, which was admitted to probate in due order. Both of his children, Robert P. Ingrum, Jr., and Ann Ingrum Fawcett, appellee and appellant herein, respectively, survived him.

The provisions of Article III of Addiebel Ingrum's will pertinent to this case are as follows:

"Article III

" * * * the afore appointed Trustee, ALLEN INGRUM, shall have the full right and power in his sole discretion to sell and convey the aforesaid ranch upon [such] terms as he may consider advisable by conveying the fee simple title to said ranch and shall distribute the income proceeds from the sale after all expenses of the sale have been deducted, equally

among the six beneficiaries of this Trust.
* * *

Provided further that should any of the beneficiaries of this trust be not living at the time the said ranch is sold and the proceeds of the sale are to be divided among the beneficiaries, that such share or shares of such deceased person or persons are to pass to and vest in said persons or persons heirs, as provided by his or her Last Will and Testament or in the event that such person dies intestate his or her share is to pass to his or her heirs at law as provided for by the laws of decent [*sic*] and distribution of the State of Texas."

The provisions of the will of Robert P. Ingrum, Sr., which are pertinent to this case are as follows:

"II.

In the event my son, ROBERT P. INGRUM, JR., shall survive me, I give, devise and bequeath unto my son, ROBERT P. INGRUM, JR., all of my right, title, interest and estate in and to all of the real estate now owned by me or which shall be hereafter acquired, lying and situated in Uvalde County, Texas, and particularly 470 acres of land known as the 'Iron Mistress' * * * together with all improvements situated thereon, and all of my interest in the ADDIEBEL ALLEN INGRUM RANCH composed of 4,588.14 acres of land, together with all improvements situated thereon, forever.

* * * * * *

"IV.

All the rest, residue and remainder of my estate of every description and wherever situated, especially including all personal property owned by CIRCLE I RANCH COMPANY, I give, devise and bequeath unto my children, ROBERT P. INGRUM, JR. and ANN INGRUM FAWCETT, to

share and share alike, if they shall survive me * * * "

Appellant is before us on five points of error which assert that the trial court erred in holding that under the terms of the will of Robert P. Ingrum, Sr., the beneficial interest provided for his benefit in the testamentary trust created under Article III of the will of Addiebel Ingrum passed to and vested in Robert P. Ingrum, Jr., to the exclusion of appellant; and that the trial court erred in holding that there was no genuine issue of material fact involved in the construction of the will of Robert P. Ingrum, Sr. The remaining points pivot on the refusal of the trial court to hold that Article III of Addiebel Ingrum's will created a power of appointment in favor of Robert P. Ingrum, Sr.

Appellant contends that the language of Article III of the will of Addiebel Ingrum, to wit: " . . . such share or shares of such deceased person or persons are to pass to and vest in said persons or persons heirs, as provided by his or her Last Will and Testament[1] . . . " creates and establishes a power of appointment in favor of Robert P. Ingrum, Sr. Appellant then contends that a power of appointment is neither property nor an estate but is a mere right or power; further, that from the language of Article III[2] of Addiebel Ingrum's will that she intended to grant the beneficiaries of the trust the power to appoint their rights in the proceeds from the sale of the ranch and did not intend to grant her beneficiaries any interest of any kind in the realty composing the corpus of the trust. Appellant reasons further that Article III of the will in devising the fee simple title in the ranch to Allen Ingrum as trustee for six named persons, including Robert P. Ingrum, Sr., effected an equitable conversion of the ranch from an interest in realty to an inter-

1. Appellant compares this language with what she contends is similar language in *Republic National Bank of Dallas v. Fredericks*, 155 Tex. 79, 283 S.W.2d 39 (1955). We find this case inapplicable.

2. " . . . should any of the beneficiaries of this trust be not living *at the time the said* ranch is sold and the proceeds of the sale are to be divided among the beneficiaries, that such share or shares of such deceased person or persons are to pass to and vest in said persons or persons heirs, as provided by his or her Last Will and Testament . . . " (Emphasis added by appellant)

est in personalty, specifically, an interest in the proceeds from the sale of the ranch.

We can find no basis in either of the wills to support appellant's thesis. The gist of this argument is that Ingrum, Sr., had no vested interest in the ranch, but rather only a power of appointment over his share of the proceeds of its sale. We cannot agree. In our judgment, the Addiebel Ingrum will leaves the Addiebel Ingrum Ranch in trust for the benefit of six individuals for a period of ten years. The will then gives the trustee discretion to sell the ranch and directs that, if and when the ranch is sold, he pay over the proceeds of the sale equally to the six beneficiaries. It further provides that if any of the beneficiaries die prior to the sale, the trustee is to pay over the proceeds to the heirs of any such beneficiary.

Addiebel Ingrum's will created an express trust for the benefit of the named beneficiaries, among them, Robert P. Ingrum, Sr. By that instrument legal title to the ranch vested in the trustee and the equitable title vested in the beneficiaries. *Rekdahl v. Long*, 417 S.W.2d 387 (Tex.1967). The extent of the beneficiaries' interest in the trust property was determined by the terms of the trust. It vested at the time of the death of the testatrix, since the beneficiaries were determined at that time. *Rekdahl, supra*. Under the terms of the will, the beneficiaries, Robert P. Ingrum, Sr., among them, received full equitable title to the trust property, and could therefore pass their interests to their heirs. *Schmidt v. Schmidt*, 261 S.W.2d 892 (Tex.Civ.App.1953, writ ref.).

Robert P. Ingrum, Sr., was one of the named beneficiaries and his will is equally clear. In Article II of his will, he gives his son, Robert P. Ingrum, Jr., the appellee, all of his interest in the ranch. His intent is clear and we must give effect to that intent. *Estes v. Estes*, 267 S.W. 709 (Tex. Com.App.1924, jdgmt adopted). It makes no difference whether the interest Ingrum, Sr., gave his son was legal or equitable, realty or personalty. The will made no such distinctions. It simply gave " . . .

all of my interest in the ADDIEBEL ALLEN INGRUM RANCH . . . forever." See *Schmidt, supra*.

The judgment of the trial court is affirmed.

Affirmed.